## THE SALLIE P. LINDERMAN.

*(District Court, D. New Jersey.* April 30, 1883.)

1. ADMIRALTY PRACTICE—TAXATION OF COSTS—DEPOSITIONS.

Where, after issue joined by the pleadings, the case is referred to a commissioner, under admiralty rule 19, to take testimony, and the depositions are returned to the court, and used by the court as evidence in deciding the cause, the clerk may tax as costs to the proctor of the prevailing party $2.50 for each one.

2. SAME—WITNESS FEES—"ACTUAL PAYMENT."

The affidavit of a proctor that certain expenses have been actually incurred, is not a sufficient voucher to authorize the clerk to tax such expenses as witness fees, and if the opposing proctor object to such proof, the receipt of the witness, or the affidavit of the proctor that he has "actually paid" the fees, should be required.

In Admiralty. On exceptions to taxation of costs.
*J. A. Hyland,* for libelant.

*E. D. McCarthy,* for respondent.

NIXON, J.    The clerk has taxed the costs in the above case, and to his taxation the proctor of the claimant has filed two exceptions:

(1) Because the clerk allowed $2.50 each for 21 depositions, taken on the reference, amounting to $52.50.    Section 824 of the Revised Statutes allows to proctors $2.50 for each deposition taken and admitted in evidence in a cause.  . What is a deposition?    Although sometimes used as synonymous with "affidavit" or "oath," in its strict and appropriate sense it is limited to the written testimony of a witness given in the course of a judicial proceeding, either at law or in equity.    *State* v. *Dayton,* 3 Zab. 54.    "In jurisprudence," says Abbott, (1 Law Dict. 367,) "the principal use of the term is to signify the testimony of a witness, when given in answer to interrogatories propounded by a person authorized for the purpose, and officially taken down in writing."    In this district it is the practice in admiralty cases, after issue joined by the pleadings, to refer the case to a commissioner to take the testimony.    See rule 19 in admiralty.    The depositions are returned to the court, and are admitted in evidence by the judge in deciding the cause.    Twenty-one such depositions were taken and returned in the present case, and were the sole evidence used in its decision.    Being taken and admitted in evidence in the cause, the clerk has properly taxed, as costs to the proctor of the prevailing party, $2.50 for each one.    *Troy Factory* v. *Corning,* 7 Blatchf. 16; *Jerman* v. *Stewart,* 12 FED. REP. 278.    This objection is overruled.

(2) The second exception has reference to the taxing of $40.50 for fees paid to witnesses.    The ground of the objection is that the affidavit of the proctor does not state that they have been paid, but only "actually incurred."    I do not remember any law which requires an affidavit that the fees have been paid.    Section 984, Rev. St., provides that before taxation proof shall be made to the clerk that the services charged for have been actually and necessarily performed; but that is a different matter,—such affidavit was made in the above case.    Under the tenth general rule of this court, "all bills of costs and charges to be paid under any order or decree of the court shall be taxed and filed with the clerk before payment thereof, and shall contain proper and genuine vouchers for all charges other than to any officer of the court.    The taxation of the witness fees was proper, if the clerk has such vouchers.    But I do not think he is authorized to receive the affidavit of the proctor that the expenses have been "actually incurred," as a sufficient voucher.    Under the provisions of this rule, if the proctor on the other side object to such proof, the receipt of the witness, or the affidavit of the proctor that he has "actually paid" the fees, should be required.

Under the circumstances time will be allowed for the clerk to notify the proctor of the defect of proof, and if it is not supplied within a reasonable time the item must be struck out.