THE PROGRESSO.

STREET *et al.* v. THE PROGRESSO.

*(District Court, E. D. Pennsylvania. September 21, 1891.)*

1. WITNESSES—FEES AND MILEAGE IN ADMIRALTY CASES.

In admiralty causes in the eastern district of Pennsylvania, mileage will not be allowed to witnesses brought from beyond the district, except as to 100 miles of the distance.

2. SAME—FEES AND MILEAGE OF PARTY.

A party is not entitled to either witness fees or mileage when his presence has not been required by the opposite party.

In Admiralty. Libel by Street Bros. against James M. Waterbury, owner of the steam-ship Progresso. Upon exceptions to the clerk's taxation of costs.

Libelants claim witness fees and mileage from Charleston to Philadelphia and return for Thomas Street, one of the libelants; also mileage for another witness, Paul Fatman, from the same place and return. The clerk disallowed Street's witness fees and mileage, and Fatman's mileage, except as to 100 miles.

*N. Dubois Miller* and *Biddle & Ward*, for libelants.

*Coulston & Driver*, for claimant.

BUTLER, J. The exceptions must be dismissed. As respects the mileage of witnesses brought from beyond the district, the clerk's ruling corresponds with our practice. Depositions might have been taken abroad and the costs avoided. Inasmuch as the testimony could only be heard by deposition, there was no advantage in bringing the witness here. The rule on this subject is not harmonious throughout the country, but any discussion of the subject in support of our practice, in view of what has been said heretofore respecting it, would be a waste of time. In *The Vernon*, 36 Fed. Rep. 115; *Wooster* v. *Hill*, 44 Fed. Rep. 819; *Haines* v. *McLaughlin*, 29 Fed. Rep. 70; *Buffalo Ins. Co.* v. *Providence & Stonington Steam-Ship Co.*, Id. 237,—the subject was fully discussed.

As relates to the $4.50 claimed by the libelant for his attendance as a witness, the clerk's ruling is sustained. Ordinarily, where a party is present at the taking of testimony, his presence is, presumably, necessary on his own behalf, whether his personal testimony is required or not. The instances must be rare where he can safely absent himself, and where he does not avail himself of the opportunity thus afforded of forwarding his interest in the cause generally. Parties have not been allowed witness fees in this district, and I think should not be, except in case their presence is required by the other side.