SIMPKINS v. ATCHISON, T. & S. F. R. CO.

(Circuit Court, W. D. Missouri, W. D. June 11, 1894.)

No. 1,813.

WITNESS FEES—TAXABLE COSTS.
A person subpoenaed as a witness in a personal injury case had a case of his own against the same defendant, growing out of the same accident and set for trial the same day. His case was first reached, and, by agreement, the other was made to depend on its result, without a separate trial. It appeared that he was necessarily present, looking after his own case, and as a material witness therein. *Held*, that his fee as a witness in the other case should not be taxed against the common defendant.

This was an action by Charles Simpkins against the Atchison, Topeka & Santa Fé Railroad Company to recover damages for personal injuries. Defendant moved to retax the costs.

Harry K. West, for plaintiff.
Gardiner Lathrop and S. W. Moore, for defendant.

PHILIPS, District Judge. Motion is made by the defendant in this case to retax the costs for the witness fee of Foster Simpkins. The record and evidence in this case show that the plaintiff and said Foster Simpkins had pending in this court at the same time,

and set for trial on the same day, separate actions for damages growing out of the same accident. The case of Foster Simpkins was first reached and taken up and tried (61 Fed. 999), and the case of Charles Simpkins was, by agreement of counsel, made dependent upon the result of the Foster Simpkins case, and was adjusted between them without trial. It appears, both from the statement on behalf of defendant and the affidavit of the witness Foster Simpkins, that he attended upon court looking after his own case, and was a material witness therein, and testified as such in the case. It would be no ground of exclusion of the witness fees in another case pending in the same court and at the same time that he himself had a suit pending therein, as he might well intrust the management of his case to his counsel without his presence, and if, in this case, the witness Foster Simpkins had stated in his affidavit that he would not otherwise have attended upon the court but in response to the subpoena as a witness in the Charles Simpkins case, his fees therein should be allowed him. But when it is made to appear, as it does in this case, that he would have attended upon court in his own case with or without having been subpoenaed as a witness in the Charles Simpkins case, the foundation and title to witness fees disappear, for the theory of the law in the taxation of witness fees is that the witness has withdrawn himself from his usual and ordinary avocation and business, and given his time to the attendance before the court in the case in which he is called. Allied as the two cases were, the one in favor of the father and the other the son, and growing out of the same transaction, it would be an imposition upon the common defendant for each of them to have themselves subpoenaed as witnesses, the one for the other, and claim their fees while attending upon the court as interested parties and witnesses in their own case.

For this reason the motion is sustained.