**BARNHART v. JONES et al. (two cases).**

**Nos. 84, 85.**

United States District Court
S. D. West Virginia, Beckley Division.

Sept. 27, 1949.

Sayre & Lynch, Beckley, W. Va. (Floyd M. Sayre, and G. Berk Lynch, Beckley, W. Va.) W. Cecil Grant, Daytona Beach, Fla., for plaintiffs.

Scherer, Bowers & File, Beckley, W. Va. (Luther L. Scherer, and Douglas Bowers, Beckley, W. Va.), for defendants.

MOORE, District Judge.

The plaintiffs, Charles K. Barnhart and Marjorie A. Barnhart, husband and wife, brought separate personal injury actions in this court against Jean C. Jones and Dabney Price, defendants. The actions grew out of the same accident; therefore they were consolidated for trial. The jury returned a verdict for each plaintiff and judgments were entered thereon, with costs to follow the judgments.

In each of the cases the plaintiff has filed with the Clerk a bill of costs and accompanying affidavit, as required by statute. Defendants object in writing to certain items appearing in the bills. Plaintiffs respond with papers which they denominate "general and special replications," in which they answer the objections made by defendants. The Court, for the purpose of passing on the questions raised, will treat defendants' objections as motions for disallowance of costs, and plaintiffs' replications as answers thereto.

Defendants object to item 6 of the bill of costs submitted by Mrs. Barnhart, and to items 13, 14, 19, 20, 21, and 22 of the bill submitted by Barnhart. Item 6 consists of a claim for fees and mileage for Barnhart as a witness in his wife's case; item 13, mileage paid to United States Marshal for unsuccessful attempt to serve subpoena on Andrew Jones, a witness, at his home in Maryland; item 14, fee and mileage paid to United States Marshal for serving subpoena on Jones in New York; item 19, fee and mileage for Jones from New York to Beckley and return; items 20 and 21, fees and mileage for two witnesses from Pittsburgh, Pennsylvania, to Beckley and return, both being residents of Pittsburgh; and item 22, fee and mileage to Mrs. Barnhart for serving as a witness in her husband's case.

The objections are based upon three main grounds: First, that mileage for the witness from New York and those from Pittsburgh should be limited to a distance of 100 miles from the place of trial; secondly, that fees and mileage paid to United States Marshals for service or attempted service of subpoenas, out of the district and more than 100 miles from the place of trial, are not properly taxable as costs; and thirdly, that Barnhart and his wife are not entitled to fees and mileage as witnesses, since they were present as parties.

Plaintiffs' answers are accompanied by affidavits which repeat that attendance of all these witnesses was necessary, and the affidavits assert that no provision of the New Judicial Code or Federal Rules of Civil Procedure restricts mileage to 100 miles; but to the contrary, that 28 U.S.C.A. § 1821, allows a witness attending any court of the United States (without restriction as to distance) mileage going from and returning to his place of residence.

██ As to mileage for witnesses, it is true that no statute or rule expressly limits mileage to 100 miles; but I am

of opinion that such limitation is implicit in rule 45(e) (1), of the Federal Rules of Civil Procedure, 28 U.S.C.A. This rule provides that a witness subpoena may be served at any place within the district, or at any place without the district that is *within 100 miles* of the place of trial specified in the subpoena. The advisory committee notes to subdivision (e), paragraph (1), are to the effect that this paragraph continues the substance of 28 U.S.C.A. § 654. Section 654 was repealed in 1948 as having been superseded by rule 45(e) (1). Since the language of the rule and Section 654 are substantially the same, and since the rule was adopted to continue the substance of the statute, the law is not changed by these statutory maneuvers, but remains as it was prior to adoption of the rule and repeal of Section 654, and we must look to the intention of Congress in enacting Section 654, in order to properly interpret rule 45(e) (1). The *effect* of a subpoena served outside the district is limited to 100 miles from the place of trial, and it seems only reasonable to infer that Congress must have intended to limit the taxation of mileage to the same distance. If a court in a country as vast as ours permitted taxation of the entire mileage of witnesses without limitation as to distance, an unbearable burden would be imposed upon the conduct of litigation. Such a course might in some cases lead to a result whereby costs would be greater than the amount of the recovery.

Economy in litigation is an essential element of justice. Taxation of unlimited mileage allowances is in derogation of this principle, and cannot be permitted.

I therefore hold that the mileage taxable as costs for witnesses outside the district is limited to 100 miles from the place of trial. This conclusion is sustained by the weight both of reason and of authority. See Buffalo Ins. Co. v. Providence & Stonington Steam Ship Co., CC., 29 F. 237; The Syracuse, C.C., 36 F. 830; The Progresso, D.C., 48 F. 239; Sloss Iron & Steel Co. v. South Carolina & G. R. Co., C.C., 75 F. 106; The Vernon, D.C., 36 F. 113; Burrow v. Kansas City, Ft. S. & M. R. Co., C.C., 54 F. 278; Eastman v. Sherry, C.C., 37 F. 844; Pinson v. Atchison, T. & S. F. Railroad Co., C.C., 54 F. 464; Griggsby Const. Co. v. Louisiana & N. W. R. Co., C.C., 123 F. 751; United States v. Green, D.C., 196 F. 255; Hanchett v. Humphrey, C.C., 93 F. 895; United States v. Southern Pac. Co., C.C., 172 F. 909; Kirby v. United States, 9 Cir., 273 F. 391; Vincennes Steel Corp. v. Miller, 5 Cir., 94 F.2d 347; Friedman v. Washburn Co., 7 Cir., 155 F.2d 959.

This rule works no great hardship upon a party using the testimony of witnesses from without the district. He has the choice of taking depositions at a place near the residence of such witnesses, and afterwards recovering the fees and mileage of the witnesses together with the stenographic costs, if he prevails in the action; or, if he deems the presence of the witnesses of sufficient importance, he can secure their attendance and recover fees and mileage up to 100 miles, bearing the cost himself of any mileage in excess of 100 miles each way. This is a fair and equitable rule.

The taxation as costs of a United States Marshal's fees and mileage for serving or attempting to serve subpoenas outside the district and more than 100 miles from the place of trial is also precluded by rule 45 (e) (1). Subpoenas served beyond the 100 mile limit have no effect; they are nothing more than a request to attend the trial and cannot successfully command the presence of the witness. Since they serve no useful purpose in the case, it would be inequitable and unjust to permit the fees and mileage incurred in the service thereof to be assessed as costs against the defeated party. This applies to the cost of service in New York on Andrew Jones, as well as the cost of attempted service in Maryland on the same witness. See United States v. Southern Pac. Co., supra.

The remaining question is: Can Barnhart properly include in his bill of costs fees and mileage for Mrs. Barnhart as a witness in his suit; and can Mrs. Barnhart in like fashion claim fees and mileage for her husband as a witness in her suit? The answer in each case must be in the negative. The attendance of Barnhart

in his own action was essential, both as a witness and to assist in its management. The same is true of Mrs. Barnhart. Each had a personal and selfish interest in attending the trial. They are not entitled to claim fees or mileage by virtue of such attendance. Neither incurred any additional expense by being required to testify in the trial of the other's suit. It works no hardship to disallow claims for their fees and mileage, since each would have attended in his own case even though not subpoenaed in the other case. See Simpkins v. Atchison, T. & S. F. R. Co., C.C., 61 F. 1000.

For the above reasons, defendants' motions for disallowance of certain costs will be sustained. The entire amount of item 6 of Mrs. Barnhart's bill of costs will be disallowed, as well as the entire amounts of items 13, 14, and 22 of Barnhart's bill; and items 19, 20, and 21 of Barnhart's bill will in each case be limited to witness fees for attendance plus mileage of 100 miles each way. Upon the submission by defendants of a proper order in accordance with this opinion, plaintiffs will be given leave to file amended bills of costs.