UNITED STATES

v.

ARIZONA CANNING CO.

No. 4773.

United States Court of Appeals Tenth Circuit.

April 23, 1954.

James W. Heyer, Asst. U. S. Atty. for the Dist. of Colorado, Denver, Colo. (Warren Olney III, Asst. Atty. Gen., Washington, D. C., and Donald E. Kelley, U. S. Atty. for the Dist. of Colorado, Denver, Colo., on the brief), for appellant.

Carl A. Wyers, Denver, Colo., for appellee.

Before HUXMAN, MURRAH and PICKETT, Circuit Judges.

MURRAH, Circuit Judge.

In a libel proceedings brought under the Federal Food, Drug, and Cosmetic Act, § 304(a), 52 Stat. 1044, 21 U.S.C.A. § 334(a), the court gave judgment for the government with costs, but limited the allowance for travel of two government witnesses to 100 miles from the place of trial at Denver, Colorado. In so doing, the court followed what it deemed the mandate of Rule 45(e)(1), Federal Rules of Civil Procedure, 28 U.S.C.A., which authorizes the subpoena of a witness at a hearing or trial "any place within the district, or at any place without the district that is within 100 miles of the place of the hearing or trial specified in the subpoena; and when a statute of the United States provides therefor, the court upon proper application and cause shown may authorize the service of a subpoena at any other place."

The government has appealed only from that part of the order limiting the assessment of mileage costs and consequent per diem to 100 miles from the place of trial, contending that the power to subpoena and to assess costs therefor is controlled by § 307 of the Federal Food, Drug, and Cosmetic Act, 52 Stat. 1046, 21 U.S.C.A. § 337, providing that, " * * * Notwithstanding the provisions of section 876 of the Revised Statutes [superseded in 1948 by Rule 45(e)(1)], subpenas for witnesses who are required to attend a court of the United States, in any district, may run into any other district in any such proceeding."

Following the analogous reasoning of Barnhart v. Jones, D.C., 9 F.R.D. 423, the court took the view that the power to assess mileage costs was commensurate with the power to subpoena, but apparently rejected as inapplicable to the contingent subpoena powers under Rule 45(e)(1), the unlimited subpoena powers granted under § 307 in a proceeding of this kind.

The appellee seems to contend that since under § 304(b) of the Federal Food, Drug, and Cosmetic Act, 52 Stat. 1044, procedure for seizure pursuant to libel in cases of this kind must "conform, as nearly as may be, to the procedure in admiralty", and since Admiralty Rule 47, 28 U.S.C.A., limits the assessment of costs for subpoenaed witnesses to 100 miles from the place of trial, the trial court's judgment is correct and should be affirmed. But, even though discretion to subpoena witnesses and assess costs in excess of 100 miles lies under 45(e)(1), when construed in connection with § 307, the court's judgment is said to be correct because within the allowable discretion; and for the further reason that the power to tax costs rests largely in the discretion of the trial court. See Spiritwood Grain Co. v. Northern Pac.

Ry. Co., 8 Cir., 179 F.2d 338; Levine v. Berman, 7 Cir., 178 F.2d 440; Chicago Sugar Co. v. American Sugar Refining Co., 7 Cir., 176 F.2d 1, certiorari denied 338 U.S. 948, 70 S.Ct. 486, 94 L.Ed. 584; T. & M. Transp. Co. v. S. W. Shattuck Chemical Co., 10 Cir., 158 F.2d 909; Globe Indemnity Co. v. Puget Sound Co., 2 Cir., 154 F.2d 249; Brunswick-Balke-Collender Co. v. American Bowling & Billiard Corp., 2 Cir., 150 F.2d 69; Crutcher v. Joyce, 10 Cir., 146 F.2d 518; Harris v. Twentieth Century-Fox Film Corp., 2 Cir., 139 F.2d 571.

■ The appealability of the judgment for costs is also challenged, but the general rule against appealability is inapplicable when the power of the court to assess the costs is at issue. See Newton v. Consolidated Gas Co., 265 U.S. 78, 83, 44 S.Ct. 481, 68 L.Ed. 909.

■ If the trial procedure in a case of this kind must conform to the "procedure in admiralty", then Admiralty Rule 47 is applicable and the subpoena power of the court is limited to 100 miles from the place of trial, and the trial court's judgment must be affirmed for that reason. But admiralty rules are not applicable in cases of this kind "beyond the seizure of the property by process in rem." After seizure pursuant to libel, the proceedings take on the character of a law action. Four Hundred and Forty-Three cans of Frozen Egg Product v. United States, 226 U.S. 172, 33 S.Ct. 50, 57 L.Ed. 174; United States v. 935 Cases, etc., Tomato Puree, 6 Cir., 136 F.2d 523, certiorari denied, Ladoga Canning Co. v. United States, 320 U.S. 778, 64 S.Ct. 92, 88 L.Ed. 467.

■ If § 307 of the Act is specifically and exclusively applicable to the trial proceedings in a case of this kind, the question then arises whether the use of the word "may" authorizes the court to exercise discretion in the allowance of mileage fees to witnesses subpoenaed from "any other district." In the very nature of things any doubt concerning the discretion of the court to assess costs incident to the trial should be resolved in favor of the discretion. But in the view we take of this case, it is unnecessary to resolve that point, for we are convinced that § 307 of the Act should be construed in pari materia with Rule 45(e)(1). As thus construed, the court was empowered, upon proper application and cause shown, to authorize the service of the subpoenas to any district, and since the power to assess costs is inherent in the power to subpoena, see Barnhart v. Jones, supra, the court was empowered to assess the costs in this case as an incident to the issuance of the subpoenas.

The words, " * * * Notwithstanding the provisions of section 876 of the Revised Statutes [now 45(e)(1)]" contained in § 307 may be susceptible of an intention to exclude 45(e)(1) from a proceedings of this kind. Indeed, the advisory committee which carried forward section 876 into 45(e)(1) did not include § 307 as one of the statutes contemplated by the contingent provisions of 45(e)(1). At the same time, the words, "when a statute of the United States provides therefor" found in Rule 45(e)(1) indicate no purpose to exclude § 307, and we can see no good reason for reading it out when to construe the rule in pari materia with § 307 would facilitate the administration of justice by leaving the power to subpoena witnesses and assess costs in proceedings of this kind in the discretion of the trial court where it rightfully belongs.

No application was made and no cause shown for the issuance of the subpoenas to any other district as provided by the rule. Indeed the record does not show whether a subpoena was in fact issued for the two witnesses, mileage for which is in controversy. But even so, we do not regard such an application and showing prerequisite to the exercise of the court's power under the rule. The court is not powerless at this stage of the proceedings to consider whether the attendance of the two witnesses, one from Washington, D. C., and the other from Siloam Springs, Arkansas, was needful to the

establishment of the government's case. That is a matter which the trial court ought to determine in the first instance upon a consideration of the pertinent facts; and it is a matter which the trial court has not considered, feeling itself bound by the limitations of the rule.

The trial court, not having exercised the discretion committed to it, the judgment is vacated and the case remanded to permit it to do so.