Lorentz LUDVIGSEN, Libelant-
Appellant,

v.

COMMERCIAL STEVEDORING CO.,
Inc., and The J. L. Mowinckels
Rederi, Respondents-Appellees.

No. 136, Docket 23756.

United States Court of Appeals
Second Circuit.

Argued Dec. 12, 1955.

Decided Jan. 3, 1956.

Samuel Friedlander, New York City (Abraham M. Fisch and Arthur Hutter, New York City, on the brief), for libelant-appellant.

Albert P. Thill, Brooklyn, N. Y. (Thomas F. Keane, Brooklyn, N. Y., on the brief), for respondent-appellee Commercial Stevedoring Co., Inc.

J. Ward O'Neill, New York City (Haight, Gardner, Poor & Havens and David P. H. Watson, New York City, on the brief), for respondent-appellee The J. Ludwig Mowinckels Rederi.

Before CLARK, Chief Judge, and MEDINA and WATERMAN, Circuit Judges.

CLARK, Chief Judge.

This is a libel for personal injuries brought by libelant, a lighter captain, against a stevedoring company (the first named respondent) and the owner of the motor vessel Horda (the second named respondent). On July 19, 1950, libelant brought his lighter, a Lehigh Valley scow, alongside the Horda, then moored at Pier 34, Brooklyn, to discharge his cargo on the vessel. In the course of his operation he had occasion to go onto another scow and thence up a Jacob's ladder (of rope sides and wooden steps) to the Horda's deck. His case was that, when he was nearly at the top, the slack of the ladder, which unknown to him had been drawn up on the deck, was suddenly released, causing him to lose his hold and fall to the deck of the scow, with the resulting injuries for which he was suing. The issue as tried below was as to whether or not there was actually any such slack (left presumably by the stevedore's workmen); and Judge Bruchhausen, upon a most careful analysis of the considerable testimony of the various people present, rejected that tending to show the presence of slack and found that libelant had not sustained his burden of proof. Accordingly he dismissed the libel.

■ This crucial finding of the trial court, so carefully accommodated to the testimony as presented, must be accept-ed as being far from "clearly erroneous." McAllister v. United States, 348 U.S. 19, 20, 75 S.Ct. 6, 99 L.Ed. 20. It is of course supported by the lack of any plausible explanation for the slack in the first place or as to how the ladder with the slack could have supported libelant during most of his ascent, only suddenly to give way as he neared the top. The dismissal of the libel must therefore stand.

■■ Libelant objects to the inclusion in the vessel owner's bill of costs of an item of $708.60 for mileage (equal to the air-line fare) from Oslo, Norway, to the witness Johannessen, the Third Mate brought on by this appellee to testify. This item was allowed by the clerk, though with some doubt, and was included in the costs stated in the final decree signed by the judge. Admiralty Rule 47 is quite specific, however, to the effect that "Traveling expenses of any witness for more than one hundred miles to and from the court or place of taking the testimony shall not be taxed as costs." As stated in 3 Benedict on Admiralty 219, 220 (6th Ed. 1941), this expressed in admiralty what had come to be the settled rule in civil actions. See, e. g., Vincennes Steel Corp. v. Miller, 5 Cir., 94 F.2d 347; Friedman v. Washburn Co., 7 Cir., 155 F.2d 959; Kenyon v. Automatic Instrument Co., D.C.W.D.Mich., 10 F.R.D. 248; Barnhart v. Jones, D.C.S.D.W. Va., 9 F.R.D. 423; Perlman v. Feldmann, D.C.Conn., 116 F.Supp. 102, 115. Appellee attempts to explain the Barnhart case as a limitation only on *domestic* mileage; but the precedents do not suggest any such limitation, nor does the admiralty rule admit of such a debilitation of its manifest purpose. The clerk relied upon 28 U.S.C. § 1821, though he found it ambiguous; but that at best deals with the allowance to the witnesses, and not the taxation of costs in favor of a winning, and against a defeated, litigant. This item must therefore be reduced to $14, or 7¢ a mile for 200 miles.

The decree below must therefore be modified by reducing the costs allowed respondent A/S J. L. Mowinckels Rederi

by the sum of $694.60 to the total of $295.90, and as thus modified is affirmed. Costs on this appeal are allowed to the libelant as against this respondent Mowinckels.