**Ottilie Ruth Sara KATZ, Libellant,**

v.

**CIE GENERALE TRANSATLANTIQUE,
etc., Respondents.**

**No. 7817.**

United States District Court
E. D. Virginia,
Norfolk Division.

Feb. 22, 1960.

Steingold & Steingold, Norfolk, Va., for libellant.

Vandeventer, Black & Meredith, Norfolk, Va., for respondent.

WALTER E. HOFFMAN, District Judge.

On motion of both libellant and respondent to retax the costs assessed by the Clerk, and considering initially libellant's motion, the Court finds:

1. The costs of the witness, Berhard Baer, were previously paid by respondent, and hence are not taxable against respondent.

2. The costs of the witness, Lucy Baer, were previously paid by respondent, and hence are not taxable against respondent.

3. The attendance fee for the witness, Sylvia Grossman, is taxable against respondent even though not paid by libellant.

4. The attendance fee for the witness, Frederick Schwent, should be taxed against respondent for two days at the rate of four dollars per day. Travel expense between Norfolk and Richmond should be allowed for two separate trips or, in lieu thereof, subsistence at the rate of eight dollars per day should be taxed, whichever is the lesser, as the witness appeared in court on March 18 and 20; the Court not being in session on March 19 due to the attendance of the trial judge at the funeral of the late Chief Judge John J. Parker.

5. The attendance fee as to the witness, Nathan Katz, should be taxed against the respondent for three days. Mileage to and from Richmond, Virginia, is allowed for two separate trips, plus subsistence for one day, or, in lieu thereof, mileage is allowed for one trip, plus subsistence for three days, whichever is the lesser.

6. No costs for subsistence, travel, or attendance shall be taxed as to the libellant's appearance in court at Norfolk.

7. No costs are taxable against the respondent for the copy of the transcript used on appeal by libellant, which said copy was filed with the Clerk by the Official Reporter pursuant to law and, in any event, was not paid by libellant or her proctors.

8. The only costs taxable against respondent for the taking of respondent's depositions in New York would be the statutory proctor's fee of two dollars and fifty cents per deposition.

As to respondent's motion to retax the costs, the Court finds:

9. The attendance fee as to the witness, Harry Keeling, is allowed for two days at four dollars per day, as the affidavit of proctor for libellant is presumptively correct unless it is obviously contrary to law and fact. If it shall appear that the witness was only in attendance one day, the allowance shall be reduced accordingly.

10. The attendance fee as to the witness, William Delgarno, should be allowed for only one day, as the affidavit of libellant's proctor is presumptively correct unless it is obviously contrary to law and fact.

#### Comment

General Admiralty Rule 47, 28 U.S. C.A., precludes the assessment as costs of travel expense of any witness for more than 100 miles to and from the court. Ludvigsen v. Commercial Stevedoring Co., 2 Cir., 228 F.2d 707.

■ That the provisions of 28 U.S. C.A. § 1821 are equally applicable to civil and admiralty cases appears to be the rule. Ludvigsen. v. Commercial Stevedoring Co., supra, and authorities therein cited.

■ The case of Barnhart v. Jones, D.C., 9 F.R.D. 423, does not preclude the assessment of costs with respect to the attendance of a husband testifying in his wife's action. If the husband had been a party to the suit, the authority cited would be controlling. The presence of the husband at the trial was not a mere matter of interest in the outcome of his wife's case. He was the only eye witness to the accident upon which a recovery was permitted. Under other conditions it is not unlikely that such costs of a spouse should not be taxed.

■■ Where the attendance of a witness is necessary for more than one day, the attendance fee should be taxed for the additional day or days. Subsistence during enforced delay or adjournment and travel fees going home and returning on account of such delay or adjournment, or whichever is less, but not both, are taxable; although ordinarily mileage for only one trip coming and returning is allowable, however long the attendance. United States to Use of Hudson River Stone Supply Co. v. Venable Const. Co., C.C., 158 F. 833; Cyclopedia of Federal Procedure, 3rd Ed., Vol. 10, § 38.30, p. 417. In the present case the amount allowed for travel between Norfolk and Richmond is the exact equivalent of two days' subsistence. The Court does not believe that General Admiralty Rule 47 is to be so strictly construed as to prevent the taxation of travel costs for an

additional trip where the adjournment was made necessary as revealed by the circumstances of this case.

■■ This leaves for consideration the propriety of taxing attendance fees, travel expenses, and subsistence which may not, in fact, have actually been paid by libellant. The more ancient authorities preclude the assessment of such items as costs. The federal fee-bill act of 1853 provided, in § 983 of the Revised Statutes, that the "amount *paid * * ** witnesses" shall be taxed as costs. O'Neil v. Kansas City, S. & M. R. Co., C.C., 31 F. 663, 664. For this reason the former rule appeared to require proof of payment. The Sallie P. Linderman, D.C., 22 F. 557; Leary v. The Miranda, D.C., 40 F. 607. However, the present statute controlling the assessment of such items in civil and admiralty cases is 28 U.S.C.A. § 1821 (subject to specific statutory provisions or rules applicable to admiralty), and the statute does not use the words "amount *paid * * ** witnesses." Section 1821 is made expressly applicable to witnesses attending *in any court* of the United States, and is not affected by 28 U.S.C.A. § 1925 as the costs are "otherwise provided by Act of Congress." As amended in 1956, the statute states that the witness *"shall receive"* attendance and mileage, and *"shall be entitled* to * * * $8.00 per day for expenses of subsistence including the time necessarily occupied in going to and returning from the place of attendance." Admiralty is silent as to any requirement for prepayment, but the safer practice to assure attendance is to tender the attendance fee and mileage as required in civil cases. Rule 45(c), Federal Rules of Civil Procedure, 28 U.S.C.A. Local Admiralty Rule 24 would appear to require the tender of mileage and one day's attendance for trials in the Eastern District of Virginia. There is no procedure for collecting these items from the Clerk or Marshal in private litigation. The responsibility and legal liability rests upon the party requesting the attendance of the witness. The party against whom costs are ultimately taxed is not indebted to the other party's individual witnesses. It is argued that libellant will profit by the taxation of such costs. Perhaps that is true, but the legal and moral liability rests with libellant to pay these items to the witnesses entitled thereto. Vincennes Steel Corp. v. Miller, 5 Cir., 94 F.2d 347. Furthermore, the respondent has not been prejudiced and cannot be heard to complain.

The Clerk will be guided by this memorandum in retaxing the costs and, should proctors request the entry of an order, the same should be promptly presented.