The MOUNT VERNON COMPANY, d/b/a the Mount Vernon Bridge Company,

v.

ROWE TRANSFER & STORAGE COMPANY.

Civ. A. No. 4226.

United States District Court
E. D. Tennessee, N. D.

March 29, 1962.

E. Bruce Foster, Knoxville, Tenn., for plaintiff.

W. P. O'Neil, H. A. Tapp, Knoxville, Tenn., for defendant.

ROBERT L. TAYLOR, Chief Judge.

The plaintiff has filed, pursuant to Rule 54(d), a motion for review of the action of the Clerk of this Court in holding that plaintiff is not entitled to recover mileage paid to witnesses for traveling in excess of 100 miles each way, to and from the Court.

In its brief, plaintiff stated that four of its witnesses came from Mount Vernon, Ohio, each traveling 824 miles, another came from Fairborn, Ohio traveling 686 miles and that another traveled 2158 miles in coming from and returning to Port Lavaca, Texas. The total amount claimed by plaintiff as mileage costs was $491.16.

Section 1920(3) of Title 28 U.S.C. states:

"A judge or clerk of any court of the United States may tax as costs the following:

\* \* \* \* \* \*

"(3) Fees and disbursements for printing and witnesses."

Section 1821 of Title 28 reads in part as follows:

"1821. *Per diem and mileage generally; subsistence.* A witness attending in any court of the United States \* \* \* shall receive $4 for each day's attendance and for the time necessarily occupied in going to and returning from the same, and 8 cents per mile for going from and returning to his place of residence. Regardless of the mode of travel employed by the witness, computation of mileage under this section shall be made on the basis of a uniform table of distances adopted by the Attorney General. Witnesses who are not salaried employees of the Government and who are not in custody and who attend at points so far removed from their respective residence as to prohibit return thereto from day to day shall be entitled to an additional allowance of $8 per day for expenses of subsistence including the time necessarily occupied in going to and returning from the place of attend-

ance: Provided, That in lieu of the mileage allowance provided for herein, witnesses who are required to travel between the Territories and possessions, or to and from the continental United States, shall be entitled to the actual expenses of travel at the lowest first-class rate available at the time of reservation for passage, by means of transportation employed: * * *."

Plaintiff concedes that there are a number of cases which hold that mileage of a witness cannot be recovered as a cost for distances traveled in excess of 100 miles. It notes that these decisions seem to rest upon the fact that a subpoena for a witness cannot run for a greater distance than 100 miles. It observes that the reasoning seems to be that if a witness lives more than 100 miles from the place of the trial, the parties should take his deposition rather than go to the expense of bringing him to the place of trial.

In support of its contention that these travel costs of the witnesses should be taxed to defendant, plaintiff cites the case of Bennett Chemical Company v. Atlantic Commodities, Limited, 24 F. R.D. 200, 203–204 (S.D.N.Y.), in which Judge Dawson held that allowances of such costs are based on the premise that the testimony of the witness is relevant and material and that the contention that the Court must deny allowances to witnesses who travel more than 100 miles is without merit. Judge Dawson cited an earlier decision of his in Bank of America v. Loew's International Corp., 163 F. Supp. 924–929–930, (S.D.N.Y.) from which we quote:

"Despite the clear provisions of the statute, many of the courts have limited the statutory provision by stating that transportation expenses of witnesses may not exceed the allowance of more than 100 miles, or a further distance within the District itself, each way, from the place of trial. Vincennes Steel Corp. v. Mil-

ler, 5 Cir., 1938, 94 F.2d 347; Friedman v. Washburn Co., 7 Cir., 1946, 155 F.2d 959; Kemart Corp. v. Printing Arts Research Lab., 9 Cir., 1956, 232 F.2d 897, 902–905, 57 A.L.R.2d 1234; Ryan v. Arabian Oil Co., D.C.S.D.N.Y.1955, 18 F.R.D. 206; Perlman v. Feldmann, D.C.D. Conn.1953, 116 F.Supp. 102, 115, reversed on other grounds 219 F.2d 173, certiorari denied 1954, 349 U.S. 952, 75 S.Ct. 880, 99 L.Ed. 1277; Barnhart v. Jones, D.C.S.D.W.Va. 1949, 9 F.R.D. 423; 6 Moore, Federal Practice, Par. 54.77 [5]. This limitation upon what seems to be a clear statutory provision seems to be predicated upon the fact that a witness may be subpoenaed only within the District, or within a radius of 100 miles from the place of trial, and that this limitation limits the distance for which any witness may properly require his transportation expenses to be paid. Such limitation has been frequently applied to taxation of costs, but seems to have no basis in either the statute or in the realities of modern trials. It is well established that transportation expenses of witnesses will be taxed as costs, even though a witness has not been subpoenaed. Spiritwood Grain Co. v. Northern Pac. Ry. Co., 8 Cir., 1950, 179 F.2d 338; Vincennes Steel Corp. v. Miller, supra, 94 F.2d at page 350; Hansen v. Bradley, D.C.Md.1953, 114 F.Supp. 382; Gallagher v. Union Pac. R. Co., D.C.S.D.N.Y.1947, 7 F.R.D. 208; 20 C.J.S. Costs § 228. Therefore, the question as to whether a witness has traveled a distance greater than the distance for which he may be subpoenaed seems to be irrelevant as to determination of the issue. The real issue is whether his testimony was necessary.

"It has been urged that the testimony of a witness located more than 100 miles from the place of trial

might be secured by deposition. This, of course, is true. However, any court recognizes that a 'live' witness's testimony is better than testimony by deposition. See Arnstein v. Porter, 2 Cir., 1946, 154 F.2d 464, 469–470; Napier v. Bossard, 2 Cir., 1939, 102 F.2d 467, 468–469. See, also, Fed.R.Civ.P. 26 (d) (3); 4 Moore, Federal Practice, Par. 26.30. Furthermore, if, in the present situation, the testimony of the three witnesses in question had been taken by deposition, it is obvious that it would have been testimony which could only have been taken on an open commission with a right of cross-examination by the adverse party. Under those circumstances the Court would have required that the defendant pay the expenses of one of plaintiffs' attorneys to travel to Great Britain for the purpose of participating in the deposition, and could have taxed the expenses and fees of such attorney as costs. S.D.N.Y.Civil Rule 4. See, also, Ryan v. Arabian Oil Co., supra; 4 Moore, Federal Practice, Pars. 30.14; 26.36. The expenses of an attorney for each side going to Great Britain for the purpose of taking the depositions would have been at least as great as those involved in bringing the witnesses to this country so that they might testify in person. It has been urged that to tax as costs the bringing of witnesses from far places might greatly increase the costs of litigation. However, the same objection could be made to taking the depositions of witnesses in far places. But one of the great advantages of the present Federal Rules of Civil Procedure is that it enables the parties to discover the facts no matter where they may be. The fact that such discovery may be expensive is not regarded as a reason for curtailing discovery, unless the expense is such that it bears no reasonable relationship to the evidence sought to be adduced.

"While the limitation on taxable costs incident to the transportation of witnesses, of an allowance for not more than 100 miles or the limits of the District, seems to have been approved by numerous cases in all except the First Circuit. United States v. Sanborn, C.C.D.Mass.1886, 28 F. 299, reversed on other grounds 1890, 135 U.S. 271, 10 S.Ct. 812, 34 L.Ed. 112; The City of Augusta, 1 Cir., 1897, 80 F. 297; The Governor Ames, 1 Cir., 1910, 187 F. 40, certiorari denied 1911, 223 U.S. 725, 32 S.Ct. 525, 56 L.Ed. 631, costs awarded on mandate, sub nom. Davis v. Smith, D.C.D.Mass.1912, 199 F. 538, it would seem that this limitation is no longer realistic and that to impose such limitation in actions such as the present one would be a complete negation of the clear provisions of the statute."

The above quotation recites most of the reasons for thus allowing the costs of witnesses who travel more than 100 miles to attend court.

It might also be argued that since the Supreme Court in promulgating Admiralty Rule 47 expressly prohibited the taxing as costs the traveling expenses of a witness for more than 100 miles to and from the court or place of taking testimony and in promulgating the Rules of Civil Procedure imposed no such limitation, it was thereby sanctioning the taxing of such costs in the ordinary civil case. On the other hand, the Supreme Court may have omitted to promulgate such a rule in civil practice because there was already a statute on the subject with a considerable body of decisions interpreting it.

With all deference to the reasons expressed by Judge Dawson, we are inclined to think that the rule of law to the contrary, as expressed in the majority of the cases, is a salutary one.

Were the rule in the Bennett Chemical case, supra, to become accepted, the temptation thus opened to counsel of affluent clients to harass an impoverished opponent by bringing in numerous witnesses from a distance would in our opinion be too inviting. That the testimony of such witnesses must also be necessary and relevant to the issues, for the costs to become taxable, would not, in our opinion, be a sufficient or adequate deterrent.

We are impressed with the reasons adverted to by Judge Starr of our Circuit in Kenyon v. Automatic Instrument Co., 10 F.R.D. 248, 252 (W.D.Mich.):

"The court is of the opinion that although § 1821 of the new Judicial Code does not expressly limit mileage to 100 miles, such limitation is implicit in Rule 45(e)(1) of the Federal Rules of Civil Procedure. This conclusion is in accord with the recent case of Barnhart v. Jones, D.C., 9 F.R.D. 423, decided after the effective date of the new Judicial Code and in which the identical question here in issue was presented. The court said 9 F.R.D. at page 424:

" 'The objections are based upon three main grounds: First, that mileage for the witness from New York and those from Pittsburgh should be limited to a distance of 100 miles from the place of trial. * * *

" 'Plaintiffs' answers are accompanied by affidavits which repeat that attendance of all these witnesses was necessary, and the affidavits assert that no provision of the New Judicial Code or Federal Rules of Civil Procedure restricts mileage to 100 miles; but to the contrary, that 28 U.S.C.A. § 1821, allows a witness attending any court of the United States (without restriction as to distance) mileage going from and returning to his place of residence.

" 'As to mileage for witnesses, it is true that no statute or rule expressly limits mileage to 100 miles; but I am of opinion that such limitation is implicit in rule 45(e)(1), of the Federal Rules of Civil Procedure, 28 U.S.C.A. This rule provides that a witness subpoena may be served at any place within the district, or at any place without the district that is *within 100 miles* of the place of trial specified in the subpoena. The advisory committee notes to subdivision (e), paragraph (1), are to the effect that this paragraph continues the substance of 28 U.S.C.A. § 654. Section 654 was repealed in 1948 as having been superseded by rule 45(e)(1). Since the language of the rule and Section 654 are substantially the same, and since the rule was adopted to continue the substance of the statute, the law is not changed by these statutory maneuvers, but remains as it was prior to adoption of the rule and repeal of Section 654, and we must look to the intention of Congress in enacting Section 654, in order to properly interpret rule 45(e)(1). The *effect* of a subpoena served outside the district is limited to 100 miles from the place of trial, and it seems only reasonable to infer that Congress must have intended to limit the taxation of mileage to the same distance. If a court in a country as vast as ours permitted taxation of the entire mileage of witnesses without limitation as to distance, an unbearable burden would be imposed upon the conduct of litigation. Such a course might in some cases lead to a result whereby costs would be greater than the amount of the recovery.

" 'Economy in litigation is an essential element of justice. Taxation of unlimited mileage allowances is in derogation of this principle, and cannot be permitted.

" 'I therefore hold that the mileage taxable as costs for witnesses outside the district is limited to 100 miles from the place of trial. This conclusion is sustained by the weight both of reason and of authority.'

"For the reasons above stated, plaintiff's objection to the taxing of costs for mileage in excess of 100 miles for any witness is sustained."

See also Perlman v. Feldmann, 116 F. Supp. 102, 114–115 (D.C.Conn.).

Let an order be prepared sustaining the Findings of the Clerk.