**UNITED STATES of America,
Libelant,**

v.

**VARIOUS ARTICLES OF DRUGS CONSISTING OF UNKNOWN QUANTITIES OF PRESCRIPTION DRUGS,
etc.**

United States District Court
S. D. New York.
July 30, 1962.

Robert M. Morgenthau, U. S. Atty. for Southern Dist. of New York, for libelant; John Hanna, Jr., Asst. U. S. Atty., of counsel.

Matthew L. Salonger, New York City, for claimant.

FREDERICK van PELT BRYAN, District Judge.

This is an action brought by the United States under § 304 of the Federal Food, Drug, and Cosmetic Act, 21 U.S. C.A. § 334[1] against certain articles of drugs alleged to be misbranded while held for sale after shipment in interstate commerce and thus subject to seizure and condemnation.

The action was commenced by the filing of a libel of information pursuant to § 304 of the Act, (21 U.S.C.A. § 334). Pursuant to monition issued by this court the United States Marshal for this district seized the drugs which were in the possession of Isaac Zonana who is a packager and wholesaler of drugs licensed by the State of New York. The drugs are now being held in the Marshal's custody under the jurisdiction of this court.

The drugs seized may be dispensed only by prescription. They were originally placed in interstate commerce by drug manufacturers as physician samples. The labels on the libeled drugs bear typically such statements as "complimentary," "physician's sample—not to be sold", "professional sample", "sample —not to be sold." In its original libel

the Government's sole claim was that these drugs, marked in this manner, were misbranded because they were in the possession of a repacker of drugs who intended to repackage them and to sell them to pharmacists who would eventually resell to the ultimate consumer.

Zonana, the claimant and owner of the drugs at the time of seizure, has moved for summary judgment dismissing the original libel and to have the seized articles returned on the ground that as a matter of law the drugs are not misbranded within the meaning of the statute.[2] At the same time the Government cross-moved to amend its libel and to strike claimant's answer for failure to answer interrogatories served upon him by the Government. The cross-motion to amend was granted on consent of the claimant and the Government amended its libel to add numerous other quite different claims of misbranding which, if established, make them subject to seizure and condemnation under 21 U.S.C.A. § 334. Claimant has served a timely answer to the amended libel.

Under these circumstances, claimant's motion will be considered as one for partial summary judgment directed to that portion of the amended libel which alleges misbranding under 21 U.S.C.A. § 352(a) solely because of the legends appearing on the labels of packages in which the drugs were contained, such as "Sample—not for sale".

21 U.S.C.A. § 352(a) provides that a drug shall be deemed to be misbranded

1. "§ 334. Seizure—Grounds and jurisdiction

"(a) Any article of food, drug, device, or cosmetic that is adulterated or misbranded when introduced into or while in interstate commerce or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which may not, under the provisions of section 344 or 355 of this title, be introduced into interstate commerce, shall be liable to be proceeded against while in interstate commerce, or at any time thereafter, on libel of information and condemned in any district court of the United States within the jurisdiction of which the article is found."

2. Claimant mistakenly has moved for summary judgment under Rule 58(c) of the Admiralty and Maritime Rules, 28 U.S. C.A. Though an in rem libel action under 21 U.S.C.A. § 334 is brought on the admiralty side the ordinary rules of civil procedure apply to the proceedings after the initial filing and seizure of the articles. See United States v. Arizona Canning Co., 212 F.2d 532 (10 Cir. 1954); Alberty Food Products Co. v. United States, 185 F.2d 321 (9 Cir. 1950).

Therefore claimant's motion is treated as one for summary judgment under Rule 56(c), F.R.Civ.P., 28 U.S.C.A.

"[i]f its labeling is false or misleading in any particular".

The Government takes the position that the labeling of these drugs is false and misleading because when they came into the possession of claimant wholesaler for packaging and sale to retail pharmacists they were no longer "complimentary" or "samples" or "not to be sold", and that they therefore must be deemed to be misbranded within the meaning of the statute. The Government does not deny that prior to the time when they came into the wholesaler's possession the drugs were in fact complimentary or physicians' or professional samples and were properly labeled in all respects. It affirmatively charges that it was the intention of the claimant to remove these labels and repackage without the allegedly offending language. Its theory on this phase of the case is that the drugs became misbranded when they came into possession of a repacker for repackaging and resale to retailers, under labels eliminating the legends designating them as "samples".

In my view the Government's position cannot be sustained.

In determining the scope of this statute and applying it to specific cases, the court must consider the purpose of the statute. As Mr. Justice Frankfurter said of the Act in his dissent in United States v. Sullivan, 332 U.S. 689, 705, 68 S.Ct. 331, 92 L.Ed. 297 (1948), "its meaning can hardly be so clear that he who runs may read, or that even he who reads may read."

■ The Supreme Court has said on numerous occasions that the statute was designed primarily to protect the ultimate consumer from dangerous products. United States v. Sullivan, supra. The original Act of 1906 "was an exertion by Congress of its power to keep impure and adulterated food and drugs out of the channels of commerce. By the Act of 1938, Congress extended the range of its control over illicit and noxious articles * * *. The purposes of this legislation thus touch phases of the lives and health of people which, in the circumstances of modern industrialism, are largely beyond self-protection. Regard for these purposes should infuse construction of the legislation if it is to be treated as a working instrument of government and not merely as a collection of English words." United States v. Dotterweich, 320 U.S. 277, 280, 64 S.Ct. 134, 88 L. Ed. 48 (1943). See also Hipolite Egg Co. v. United States, 220 U.S. 45, 31 S. Ct. 364, 55 L.Ed. 364 (1911); McDermott v. Wisconsin, 228 U.S. 115, 33 S.Ct. 431, 57 L.Ed. 754 (1913); United States v. Walsh, 331 U.S. 432, 67 S.Ct. 1283, 91 L. Ed. 1585 (1947); Ewing v. Mytinger & Casselberry, Inc., 339 U.S. 594, 70 S.Ct. 870, 94 L.Ed. 1088 (1950); 62 Cases of Jam v. United States, 340 U.S. 593, 71 S. Ct. 515, 95 L.Ed. 566 (1951).

In the 62 Cases of Jam case the court pointed out

"In our anxiety to effectuate the congressional purpose of protecting the public, we must take care not to extend the scope of the statute beyond the point where Congress indicated it would stop." (340 U.S. p. 600, 71 S.Ct. p. 620).

■ When viewed in this light it is apparent that the Government's claim of misbranding under 21 U.S.C.A. § 352(a) is beyond the permissible bounds of the Act. In its original libel and under that portion of the amended libel based upon § 352(a) the Government has made no claim that the seized drugs were deleterious or harmful to health in any respect because of the legends on the labels reading typically "Physician's Sample— not to be sold" or "Complimentary". There is no claim that the drugs differ in any manner from drugs not bearing these legends or that the rest of the label does not conform to all other statutory requirements for proper dispensing and safe use.

On the contrary, the Government concedes that while these drugs were in the possession of the manufacturer, the original distributors, and physicians, they were not misbranded within the meaning of the section. It does not charge that

the wholesaler has sold or intends to sell or distribute the drugs with these labels on them, and, in fact, does not deny that it is intended to repackage them in larger quantities with different and entirely proper labels before resale.

Thus the charge of misbranding is directed solely to the period when the drugs were to be in the possession of the wholesaler for what have not been shown to be other than legitimate and proper purposes. No one is likely to be misled by these labels nor can they do any harm to the health or safety of the consuming public.

The only case directly in point which has been brought to my attention is an unreported decision in the District Court for the District of New Jersey (United States v. Articles of Drugs, Docket Nos. 497–61, 504–61, decided by Judge Meany on October 9, 1961). There summary judgment was granted from the bench dismissing libels making the same charge of misbranding as is made in the case at bar as not being within the scope of the statute. In my view that holding is correct. The same result must be reached here.

The references in the Government's memorandum to "a nationwide investigation" by the Food and Drug Administration of the use of sample drugs and to statements to the press by the Commissioner advising of dangers and abuses, do not affect this conclusion. Plainly, these references have no evidentiary value. But beyond this it is not charged that the claimant here was guilty of any such abuses and none of them have been brought home to him.

Moreover, the Act provides adequate remedies, both civil and criminal, for dealing with persons who place deleterious or dangerous articles of drugs in commerce if such facts should come to the Government's attention. The fact that some abuses may exist does not justify extending the scope of this statute providing drastic remedies and with possible penal consequences beyond the meaning and intent of the language which it uses.

Claimant's motion for partial summary judgment dismissing paragraph IV–1 of the amended complaint is granted. The Government's motion under Rule 33, F.R.Civ.P., to strike claimant's pleading for failure to serve answers to interrogatories is denied on the condition that within twenty (20) days from the date of the order to be entered on this decision claimant serve answers to the interrogatories.

Settle order on notice.