Harry T. OAKLEY, Plaintiff,

v.

NORFOLK AND WESTERN RAILWAY COMPANY, Defendant.

Bennett T. DICKERSON, Plaintiff,

v.

SEABOARD AIR LINE RAILROAD COMPANY, Defendant.

Civ. A. Nos. 5779, 5888.

United States District Court
E. D. Virginia,
Norfolk Division.

Aug. 22, 1967.

Moody, Mattox, Young & West, Richard S. Young, Portsmouth, Va., for plaintiffs.

Williams, Cocke, Worrell & Kelly, Kenneth H. Lambert, Jr., Norfolk, Va., for defendants.

### MEMCRANDUM

WALTER E. HOFFMAN, Chief Judge.

A controversy having arisen as to the taxation of costs in these cases, and counsel having submitted the facts by agreement, the following is for the guidance of counsel.

No. 5779 (Oakley) was tried on damages only on March 23, 1967. The defendant had admitted liability on March 9–10, 1967. Prior to the admission of liability by defendant, counsel for plaintiff had caused certain subpoenas to be issued for witnesses deemed necessary to prove liability. On or about March 17, counsel for plaintiff wrote letters to the liability witnesses notifying them that they need not appear on the trial date, and also advising in part:

> "Unless you have already cashed the check that you received for the witness fee then this check should be returned to minimize the expenses under the rules of Court."

Of course, as to the witnesses who may have returned checks, it is clear that this is not a taxable item of costs.

As to the witnesses who did not return the checks, the witness fees and mileage are taxable. Defendant contends that plaintiff's counsel had the duty to make an unconditional request for the return of the fee and mileage. We do not agree. Rule 45(c), Federal Rules of Civil Procedure, requires the prepayment of one day's attendance fee and mileage as a condition to the service of a subpoena. There is no statute or rule imposing upon the party or his counsel the duty of recoupment. Cf. Katz v. Cie Generale Transatlantique, 190 F.Supp. 435 (E.D.Va., 1960). While it is true that the particular witness receiving said check was not legally entitled to use same unless the witness was required to appear at trial, the most that defendant may require is an assignment of plaintiff's claim against the witness.

Plaintiff is not entitled to recover as taxable costs the small item involved in procuring photographs. This is not a printing charge normally recoverable as taxable costs.

In No. 5888 (Dickerson), liability was admitted on April 7–9, 1967; the case was set for trial on April 25 and was settled on April 21. The same rule would be applicable as to subpoenas. The argument is advanced that plaintiff's wife and his personal physician should not present an issue of taxable costs. As to the wife, this matter was considered in Katz v. Cie Generale Transatlantique, supra. The issue is whether her testimony was reasonably necessary on the damage phase of the case. The same is true as to the physician.

Likewise presented in No. 5888 is an item for "films". For reasons previously stated, this item is disallowed. Nor is the taxed attorney's fee under 28 U.S.C. § 1923 allowable as the case was settled and there was no "hearing".

If counsel are desirous of orders being entered, same may be presented.