It is hereby ordered that defendant's motion to dismiss is granted.

UNITED STATES STEEL CORP., PLAINTIFF *v.* UNITED STATES AND UNITED STATES INTERNATIONAL TRADE ADMINISTRATION, DEFENDANTS

Court No. 84–5–00621

Before RAO, *Judge.*

(Decided November 6, 1984)

RAO, *Judge:* This civil action is before the Court on plaintiff's motion pursuant to Rule 41(a)(2) of the Rules of the Court of International Trade for an order of voluntary dismissal with prejudice. The defendants have filed a cross motion for attorneys fees, costs and expenses.

It is defendants' position that the action was brought in bad faith, recklessly, wantonly or for oppressive reasons.

Plaintiff filed a summons and complaint in this Court on May 4, 1984 challenging certain negative preliminary determinations made by the United States Commerce Department, International Trade Administration ("ITA") with respect to certain hot-rolled carbon steel sheet being imported from Brazil, i.e., dumping margins ranging from .14 per cent to 8.07 per cent. Subsequent to this date, various motions were filed, including a motion for a prelimi-

nary injunction on plaintiff's behalf and a cross-motion for partial dismissal of the complaint on behalf of the defendants. The parties also attempted to establish a briefing schedule.

On July 11, 1984 the ITA published its final determination that the weighted average dumping margins for Brazilian hot-rolled steel sheet producers ranged from 6.09 per cent to 18.5 per cent (a not inconsiderable increase from the estimated margins).

Thereafter, on July 26, 1984 plaintiff filed the instant motion, on the ground that "the initial purpose of the litigation, which was to correct the preliminary low margin determinations for the Brazilian * * * hot-rolled sheet producer, has clearly been achieved." [Plaintiff's brief in support of its motion to dismiss, page 3]. It would appear that the plaintiff is satisfied with the final determination of the ITA as to hot-rolled steel sheet from Brazil and wishes to abandon its claim as to any irregularities it perceived in the preliminary determinations.

Defendants, in their memorandum in support of their cross motion for costs and attorneys fees, state that it was plaintiff's purpose, in commencing the instant action, simply "to harass the defendants and their counsel, and to temporarily divert the attention and resources of the Commerce Department from the hot-rolled * * * cases at the administrative level to the defense of this action in court" [at pp. 7–8].

Plaintiff responds to these allegations by stating that it acted in good faith in revising the expedited briefing schedule agreed to among the parties without the approval of the Court and that it acted legally under the Rules of the Court of International Trade.

Absent something more in the way of a showing of bad faith than allegations in memoranda, this Court cannot impute bad faith to the plaintiff on the facts here presented. Plaintiff chose to avail itself of certain legal procedures while declining to use others. We cannot conclude that the judgment of plaintiff's in-house counsel in attempting to pursue the best tactics was exercised solely for the purpose of harassing the defendants during the antidumping investigation on hot-rolled carbon steel sheet from Brazil. It was neither overarching nor dilatory in its communications with defendants and their attorneys.

The Supreme Court, in *Alyeska Pipeline Co.* v. *Wilderness Society et al.,* 421 U.S. 240, meticulously traces the law to be applied by Federal courts as to the allowance of attorneys fees and costs and we will not reiterate it here. We do hold that this case is an inappropriate one in which to tax attorneys fees against a plaintiff which is seeking a voluntary dismissal with prejudice.

Defendants are also seeking costs and expenses, and pursuant to 28 U.S.C. § 1923, these should be allowed and taxed against the plaintiff. *Oakley* v. *Norfolk & W. Ry Co.,* D.C. Va. 1967, 42 F.R.D. 653.

264

Accordingly, upon filing and reading the instant motion, opposition and cross motion and the reply thereto, and upon all proceedings heretofore had herein, it is

ORDERED, ADJUDGED AND DECREED that plaintiff's motion for a voluntary dismissal with prejudice be, and the same hereby is, granted, and it is

ORDERED, ADJUDGED AND DECREED that defendants' cross motion for attorneys fees be, and the same hereby is denied, and it is

ORDERED, ADJUDGED AND DECREED that defendants' cross motion for costs and expenses be, and the same hereby is granted.