MIAMI-LUKEN, INC., APPELLEE, *v.* OHIO STATE BOARD OF PHARMACY, APPELLANT.

(No. 87AP-444—Decided September 1, 1987.)

*Altick & Corwin* and *R. Paul Perkins, Jr.,* for appellee.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Yvette M. McGee,* for appellant.

STRAUSBAUGH, P.J. This is an appeal by appellant Ohio State Board of Pharmacy ("board") from a judgment of the common pleas court reversing an order of the appellant board finding that the language "for hospital use only" which appeared on the label of a drug known as "Nitro-Dur" did not constitute misbranding pursuant to state law.

The cause originated from a citation issued by the board on March 10, 1986, to appellee Miami-Luken, Inc., for a violation of R.C. 3715.64(A), alleging that the drugs were misbranded under said section because they contained a restrictive legend as to their retail distribution, that is, "for hospital use only." Following a hearing held May 7, 1986, pursuant to R.C. 4729.17, the board issued a report and recommendation on May 30, 1986, finding that appellee had sold misbranded drugs in violation of R.C. 3715.64(A) and 3715.52. The board held that appellee had sold on at least five occasions the drug Nitro-Dur labeled "for hospital use only" and that such label was false and misleading pursuant to R.C. 3715.64(A) when sold at retail.

Appellee filed objections to the report and recommendation on June 14, 1986. On June 27, 1986, the board imposed a $10,000 fine of which $7,000 was suspended. Appellee appealed to the court of common pleas on July 29, 1986. On April 27, 1987, the common pleas court issued an order reversing the decision of the board finding that the order was not supported by substantial, reliable or probative evidence, from which order this appeal is taken. Appellant board sets forth the following two assignments of error:

"I. The court of common pleas erred when it reversed the order of the Ohio State Board of Pharmacy where said order is supported by substantial, reliable and probative evidence and is in accordance with law.

"II. The court of common pleas erred in holding that a drug product labeled 'for hospital use only' was not misbranded pursuant to state law when sold at retail."

Appellant board argues that R.C. 3715.01(B) defines "misbranding" as any representation by statement, word, design, device, or sound which is misleading and that R.C. 3715.01(B)(4) vests exclusive jurisdiction in the board as to the determination of whether a label is misbranded. In light of these statutory sections, appellant maintains that here the label is misleading in that the drug sold at retail was not being used only for hospital purposes. The board argues that it is within the board's discretion to find that R.C. 3715.64(A) did not apply only to therapeutic information since the statute relates to information which is false or misleading "in any particular."

We find that the common pleas court correctly found that the order of the board was not supported by substantial, reliable or probative evidence inasmuch as there is no evidence that the language "for hospital use only" was misleading to any member of the consuming public. The board's decision must be construed in light of the statutory purpose. The sparse case law on the issue reveals that a drug is "misbranded" only when it misrepresents the dosage, description, strength, or use of the product. *United States* v. *Various Articles of Drugs* (C.A. 3, 1964), 332 F. 2d 286; *United States* v. *Various Articles of Drugs* (S.D.N.Y. 1962), 207 F. Supp. 480. A drug is not misbranded merely because the actual method of sale does not conform with the method of sale intended by the manufacturer. To achieve the purpose attempted in this cause, plaintiff should seek legislative action rather than judicial construction. Appellant's two assignments of error are overruled and the judgment of the common pleas court is affirmed.

*Judgment affirmed.*

REILLY and McCORMAC, JJ., concur.