## THE WAHKEENA.

### HUBBLE TOWING CO. v. CHAS. R. McCORMICK LUMBER CO. OF DELAWARE.
### No. 6970.

District Court, W. D. Washington, S. D. June 19, 20, 1931.

John C. Bowen, of Seattle, Wash., for libelant.

Lillick, Olson & Graham, of San Francisco, Cal., and W. R. Lee, of Tacoma, Wash., for claimant and respondents.

CUSHMAN, District Judge.

This is a suit in admiralty for salvage. After the filing of the opinion in libelant's favor, it filed its memorandum of costs and disbursements in which there is included a claim for money paid certain lawyers for representing libelant in San Francisco at the taking of certain depositions for respondents, the amount being considerably in excess of $2.50 for the deposition of each witness.

■ Claimant and respondents have excepted to the allowance of this item. The exception will be sustained, and the amount in excess of $2.50 for the deposition of each witness taken and admitted in evidence upon the trial of the cause will be disallowed. 28 USCA § 572. The libelant has contended that the decision of this court in the case of The Fair Oaks, 205 F. 192, is authority for the allowance of the item claimed. The opinion in that case does not disclose the reason for the allowance. However, that case is not authority for such allowance. After the filing of the opinion in that case, the claimant petitioned for a rehearing. A rehearing was by the court granted as to the item which it was stated in the original opinion would be allowed as attorney's fees for taking depositions. Thereafter, no decree was entered nor anything further done until dismissal of the suit for want of prosecution under rule 48.

■ The following rules require no citation of authority. In general, costs are allowed only where there is statutory authority therefor, including not only fees paid or allowed, but expenditures made in connection with the prosecution of the litigation. Prior to the Act of February 26, 1853 (10 Stat. 161) allowance of costs in the federal court conformed to the practice in the courts of the state in which the district court was held. Since that enactment, the same rule has in a number of decisions in law actions been applied respecting those items of cost not specifically covered by that statute. It is not necessary to determine in this case whether, in view of the specific provision in section 572, supra, fixing the amount of an attorney fee for each deposition taken and admitted in evidence, a state statute or rule of practice allowing expenditures in addition to such an amount would be applicable or not, for the court's attention has been directed to no such statute or practice. It is also to be noted that the Conformity Act (28 USCA § 724) has no application in admiralty causes.

The clerk will notify the proctors for the parties of this ruling.

At the hearing May first, 1931, upon findings of fact and conclusions of law submitted by libelant, proctors for the parties were allowed to supplement the hearing with a further showing relating to particular testimony already taken, which showing has been made.

A hearing was also had upon exceptions of claimant and respondent to certain items in libelant's memorandum of costs and disbursements.

The first-mentioned matter relates to the expenses to be deducted from the selling price of the vessel and cargo before apportioning the salvage award. The difference in

the contentions of the proctors, in this respect, is disclosed by the following: tain items of libelant's memorandum of costs and disbursements.

| Statement by proctor for Libelant: | Statement by proctor for Respondent and Claimant: |
| --- | --- |
| Freight .......................$4,550.00 | Freight .........................$4,561.43 |
| Cargo claims allowed and expenses paid at San Pedro............. 1,925.00 | Cost of re-conditioning........... 1,922.76 |
| Pumping out ship (Cut down from $2,600 by Court's ruling)...... 500.00 | Pumping out ship............... 2,448.00 |
| Expenses at Aberdeen for unloading, sorting, regrading, tallying, reloading and dockage........ 895.00 | Discharging .................... 629.03 |
| | Crane service and dockage........ 441.37 |

It will be observed from the foregoing statements that, aside from the disputed item for pumping out the ship, the total difference is less than $200.

Nothing of a persuasive nature has been shown warranting a greater allowance on account of the pumping out of the ship than the $500 heretofore allowed.

Regarding the other differences, after a four-day trial the testimony was concluded on November 14, 1930. No transcript of the evidence has been filed with the court.

It is assumed that the second of the foregoing items, while not described by the parties in identical language, relates to the same matter, upon which assumption this item is fixed at $1,925.

As to the remaining items, the court is unable to settle the differences upon the showing made. Concerning these items, a further hearing will be had Saturday, June 27, 1931, at 10 o'clock in the forenoon, at which time will also be further considered findings of fact numbered XV, XVI, XVII, XIX, XXI, and XXIII, and conclusions of law numbered III, IV, and V, as submitted by libelant, which settlement depends upon the determination of these disputed items.

The remaining findings of fact and conclusions of law will be made as submitted by libelant and served April 6, 1931, upon proctors for respondents and claimant. These proposed findings of fact and conclusions of law, while so served and found by the court in the clerk's file, have no identification mark by the clerk of the court. It is concluded that this was an inadvertence occasioned by the judge of the court receiving them directly from the proctor for libelant, without observing the absence of the filing mark at the time of the hearing on such findings. The clerk of the court is directed to lodge them with this decision at its filing.

There remains for consideration the exceptions of claimant and respondents to cer-

While the costs have not been taxed by the clerk, no question has been raised as to the propriety of the court considering such exceptions. 28 USCA § 830.

The first exception will be (has been) separately considered.

■ The second and third exceptions to libelant's cost bill relate to the mileage claimed for witnesses residing at Weiser, Idaho, who came to Tacoma, Wash., the place of trial. These exceptions will be sustained as to the mileage claimed for travel outside the district. It is a matter of common knowledge that it is more than one hundred miles from Tacoma to the boundary of the district by the ordinary route of travel between Weiser, Idaho, and Tacoma, Wash. Kirby et al. v. United States (C. C. A.) 273 F. 391–396; Ladd & Tilton Bank v. United States (C. C. A.) 30 F.(2d) 334–338; Hanchett v. Humphrey (C. C.) 93 F. 895.

■ The fourth and fifth exceptions relate to expenditures for expert witnesses. Such an allowance was upheld by the Circuit Court of Appeals in the First circuit. Ætna Life Ins. Co. v. Allen, 32 F.(2d) 490. That was a law action, and the holding gives effect to a statute of the state of Maine; that is, the Conformity Act was held to apply. Primrose v. Fenno et al. (C. C.) 113 F. 375. In admiralty causes, the Conformity Act does not apply. 28 USCA § 724. The fourth and fifth exceptions will be sustained.

■ The sixth, seventh, and eighth exceptions relate to items in the cost bill for witness fees and mileage for certain of those on behalf of whom this suit was prosecuted. The general rule is that a party testifying in his own behalf is not entitled to witness fees. No citation of authority is deemed necessary in support of this rule. It was held in The Petroleum No. 5 (D. C.) 41 F.(2d) 268, a cause in admiralty, that such fees may be allowed where the witness was not the principal party. Such a fee was also allow-

ed in an equity suit, Tuck v. Olds (C. C.) 29 F. 883–885, evidently holding applicable a state statute in view of the Conformity Act. Such a fee was likewise allowed in The Teaser (C. C. A.) 223 F. 13–18, in an admiralty cause, the court concluding that the master and crew to whom the fees were allowed as witnesses were not parties in the larger and more substantial sense. That was a collision case, and it would appear that their only interest concerned the value of their personal effects, about which there was no real dispute, and that their testimony was concerning the collision, for the benefit of another. The exceptions to these items will also be sustained.

The clerk is directed to notify the proctors for the parties of this decision.