ISTHMIAN LINES, INC. as owner of the STEAMSHIP STEEL AGE, Libellant,

v.

The TUGS JAMES T. MORAN and ELIZABETH MORAN, their machinery, boiler, tackle, etc.,

and

The SCOW STEEL WELD, her tackle, etc.,

and

Moran Towing & Transportation Co., Inc., Kirkwood Curtis Bay Company, TUG AGNES A. MORAN, INC., Universal Terminal & Stevedoring Corporation and McAllister Lighterage Line, Inc., Respondents.

No. 63 Ad. 459.

United States District Court
S. D. New York.

Sept. 17, 1968.

---

**532**

Kirlin, Campbell & Keating, New York City, for libellant, Isthmian Lines, Inc.; Alexander E. Rugani, New York City, of counsel.

Burlingham, Underwood, Wright, White & Lord, New York City, for respondents, Moran Towing & Transportation Co., Inc., Kirkwood Curtis Bay Co., and Tug Agnes A. Moran, Inc.; Joseph C. Smith, New York City, of counsel.

## MEMORANDUM

LEVET, District Judge.

Respondents Moran Towing & Transportation Co., Inc., Kirkwood Curtis Bay Company and Tug Agnes A. Moran, Inc. became entitled to costs against Isthmian Lines, Inc., libellant, in an admiralty case under a decision made by me dated July 16, 1968. Isthmian objected to two items of costs: (1) That of travel expense of a factual witness, Trygve Hille, from Buholen, Norway, to New York and return, $792.30, and subsistence, 7 days at $8.00 per day, $56.00. The Clerk allowed $72.00, apparently the amount of 100 miles travel allowance and a per diem expense for testifying; (2) Fees of an expert witness, Watkins, $720.00. The Clerk disallowed this item and Moran has moved for review of both of these rulings.

### I.

### TRAVEL EXPENSES

Rule 47 of the Rules of Admiralty was as follows:

"Rule 47. Costs—travel of witnesses

"Traveling expenses of any witness for more than one hundred miles to and from the court or place of taking the testimony shall not be taxed as costs."

Prior to the amendment of the Federal Rules of Civil Procedure, effective July 1, 1966, this rule was held to bar any taxation of costs for travel allowances to witnesses for more than 100 miles to and from the court. Ludvigsen v. Commercial Stevedoring Co., 228 F.2d 707, 708 (2nd Cir. 1956), cert. denied, 350 U.S. 1014, 76 S.Ct. 660, 100 L.Ed. 874 (1956).

Pursuant to the repeal of 28 U.S.C. § 2073 and the amendment of 28 U.S.C. § 2072, Rule 1 of the Federal Rules of Civil Procedure, promulgated by the Supreme Court under the newly revised 28 U.S.C. § 2072, effective July 1, 1966, was amended to read as follows:

"These rules govern the procedure in the United States district courts in all suits of a civil nature whether cognizable as cases at law or in equity or in admiralty, with the exceptions stated in Rule 81. They shall be construed to secure the just, speedy, and inexpensive determination of every action. As amended Dec. 29, 1948, eff. Oct. 20, 1949; Feb. 28, 1966, eff. July 1, 1966."

The Supreme Court's promulgating order provides that "the Rules of Practice in Admiralty and Maritime Cases, promulgated by this court on December 6, 1920, effective March 7, 1921, as revised, amended and supplemented, be, and they hereby are, rescinded, effective July 1, 1966." Accordingly, though certain procedures and rules contained in the superseded Rules of Practice in Admiralty and Maritime Cases have been reconstituted through appropriate amendments to the Federal Rules of Civil Procedure, Rule 47 is rescinded. Since this is so, taxation of a witness' travel expenses as costs is governed by Rule 54(d) of the Federal Rules of Civil Procedure, and thus apparently becomes a matter for the discretion of the trial court. See Farmer v. Arabian-American Oil Co., 379 U.S. 227, 232, 233, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964); Moylan v. A.M.F. Overseas Corporation, 354 F.2d 825, 829 (9th Cir. 1965); Bank of America v. Loew's International Corporation, 163 F.Supp. 924, 929, 930 (S.D. N.Y.1958). Such a construction of the newly unified Federal Rules of Civil Procedure and Admiralty Practice is not precluded by 28 U.S.C. § 1925, which provides for the allowance and taxation of costs in admiralty and maritime cases pursuant to rules promulgated by the Supreme Court, except as otherwise provided by Act of Congress. The rescision of Admiralty Rule 47 has been accomplished both by Act of Congress and by order of the Supreme Court.

## II.

Since the question of the allowance of traveling expenses of the witness Trygve Hille is discretionary, I now consider the facts and circumstances relative to his testimony.

Mr. Hille is now retired but was formerly captain of a derrick-barge owned by Merritt-Chapman & Scott (not a party to this suit). On December 2, 1962, he was on board the derrick-barge, known as the "Charleston," having boarded the barge at about 8:00 A. M. At that time the barge was between the No. 3 and No. 4 hatches of the S/S Steel Age which was then moored at shed No. 4 at Erie Basin, Brooklyn, New York. Mr. Hille testified that the barge Steel Weld was located at the No. 4 shed under the overhang of the vessel, and that the foreman on the ship asked him to move the barge which, in Mr. Hille's opinion, was in an unsafe location. He stated that the overhang was in a part of the ship ahead of the propellor. He testified that the only thing peculiar about the Steel Weld at that time was that it was hard under the overhang. Later he made a statement at the request of one of the officers of Merritt-Chapman & Scott (Ex. 23). He said he observed that the Steel Weld at approximately 8:00 o'clock on December 2, 1962 was close alongside the starboard side of the Steel Age blocking the steamer's No. 5 hatch and that the Steel Weld's stern was approximately 4' distance from the Charleston's stern.

Isthmian in the libel and complaint in 63 Ad 459 sued the Moran tugs and the Moran Company for damages in the sum of approximately $80,000 for the cost of repairs, drydocking, value of loss of use of the vessel during repairs, survey fees and other incidental expenses. (Opinion herein dated July 16, 1968, pp. 6, 10)

The witness came from Norway to attend the trial.

Isthmian in its memorandum after trial adverted to the testimony of Hille (Memorandum, pp. 34–39). Moran's memorandum submitted after trial mentions Hille's testimony. The testimony of Hille with respect to the position of the Steel Weld in relation to the S/S Steel Age on the morning of December 2, 1962 was that of a disinterested witness. This position of the Steel Weld on the morning of December 2, 1962, with regard to the S/S Steel Age and its propellor, was one of the factual issues in the case. (See Findings of Fact 15, 19, 26–29)

As a precautionary measure, at least, Moran undoubtedly was within its prerogative of calling Hille. Failure to call him might have elicited comment from Isthmian. Moran was interested, among other things, in showing that no contact occurred on December 1, 1962. I cannot conclude that Hille was an unnecessary witness—in fact, the contrary appears.

It may well be that, because a log of the Charleston was available and because Hille had made a statement on December 3, 1962, it was unnecessary to call him to testify in person since a deposition would have sufficed. The factual issue was not complex, and I believe suitable Norwegian counsel for Moran could have been obtained, thus avoiding expenses of transportation.

Keeping in mind the admonitions of the Court of Appeals of the Second Circuit and those of the United States Supreme Court in Farmer v. Arabian-American Oil Co., 379 U.S. 227, 85 S.Ct. 411 (1964), I am not inclined to allow Moran the travel expenses sought. However, in lieu thereof I believe $300 would have been adequate to pay the expense of Moran on a deposit of Hille. Since it would not then have been necessary to have Hille appear at trial here, the $72.00 allowance would be unnecessary. I, therefore, fix as costs the sum of $300, and disallow the fees, etc. of $72.00. See Bank of America v. Loew's International Corporation, supra.

### III.

### FEES FOR THE EXPERT WITNESS, WILLIAM F. WATKINS

I conclude that charges or fees of the expert witness, William F. Watkins, are not taxable. See United States v. Kolesar, 313 F.2d 835, 839 (5th Cir. 1963); Euler v. Waller, 295 F.2d 765, 766, 97 A.L.R.2d 135 (10th Cir. 1961); Henkel v. Chicago, St. Paul, Minn. & Omaha Railway Co., 284 U.S. 444, 52 S.Ct. 223, 76 L.Ed. 386 (1932); Marquez v. American Export Lines, 41 F.R.D. 386, 387 (S.D.N.Y.1967), aff'd, 384 F.2d 920 (2nd Cir. 1967); The Wahkeena, 51 F. 2d 106, 108 (W.D.Washington 1931). I, therefore, affirm the Clerk's disposition of this item.

So ordered.