**OSCAR GRUSS & SON, Plaintiff,**

v.

**LUMBERMENS MUTUAL CASUALTY COMPANY, Defendant and Third-Party Plaintiff,**

v.

**Isidor BUCHMANN, Third-Party Defendant.**

**No. 65 Civ. 33.**

United States District Court

S. D. New York.

Feb. 5, 1969.

Guggenheimer & Untermyer, New York City, for plaintiff; Alfred Berman, Randolph Guggenheimer, Jr., New York City, of counsel.

Joseph T. Keller, New York City, for defendant.

## OPINION RE TAXATION OF COSTS.

LEVET, District Judge.

### GENERAL NATURE OF THIS ACTION

The plaintiff, Oscar Gruss & Son, a partnership, brought this action against the defendant, Lumbermens Mutual Casualty Company, to recover sums of money alleged to be owing plaintiff under a Brokers Blanket Fidelity Bond. There were three causes of action: The first on the blanket bond on account of losses resulting from allegedly dishonest acts of a certain employee or employees of the plaintiff's Swiss subsidiary, Valoren und Handels, A.G. ("Valoren"). The second cause of action was for court costs and attorneys' fees. The third cause of action was an alternative cause of action on a partnership bond issued by defendant. This cause of action was dismissed after the plaintiff's case had been presented. The second cause of action was, by stipulation of the parties, determined by the court.

As a result of the verdict of the jury on the first cause of action, and as a result of the court's determination of the second cause of action (see opinion dated November 21, 1968), a judgment in the amount of $436,601.52, inclusive of interest but not including costs, was rendered.

Both plaintiff, Oscar Gruss & Son, and defendant, Lumbermens Mutual Casualty Company, have moved for review of the clerk's taxation of costs in this action.

### PLAINTIFF'S OBJECTIONS

Plaintiff objects to two classes of items which were disallowed by the clerk:

(1) Payments to two witnesses, to wit, Fritz Graf and Dr. Joseph Rappaport, for round trip air fares from Switzerland

to New York, for living expenses, and for witness fees.

Plaintiff's claims with reference to Rappaport were as follows:

| | | |
|---|---|---|
| Round trip air fare, Switzerland to New York .................. | $ 478.80 | |
| Living expenses for three days at $50 a day ......................... | 150.00 | |
| Witness fee for three days at $400 a day ........................... | 1,200.00 | $1,828.80 |

⬥

Plaintiff's claims with reference to Graf, without itemization, were as follows:

Round trip air fare, Switzerland to New York; living expenses; witness fee ............................................................$ 877.80

⬥

Subsequently plaintiff reduced the Rappaport claim, above stated, to:

| | |
|---|---|
| Subsistence allowance— 3 days at $16 per day .................................. | $ 48.00 |
| Witness fee for attendance— 3 days at $20 per day .................................. | 60.00 |
| | $108.00, |

⬥

plus the travel charge. The Graf claim was similarly reduced.

The clerk allowed only $52.00 for travel, living expenses and witness fees of Rappaport and the same amount for Graf.

(2) Expenses paid by plaintiff for purchasing copies of transcripts of certain depositions and for originals of other depositions, as follows:

(a) Defendant's designated expert witnesses:

| | |
|---|---|
| John P. Walsh ..................................... | $154.70 |
| Hermann Krieg ................................... | 161.25 |
| Rudolph Heiz ..................................... | 135.00. |

(b) Other witnesses, as follows:

| | |
|---|---|
| 14.[1] Harry T. Zucker—June 6, 1966 ........................ | $15.05 |
| 15. Henry Oppenheim—June 16, July 28, August 31, September 8, 1966 ........................ | 82.60 |
| 16. Sidney Gettenberg—August 11, 1966 .................... | 20.30 |
| 17. New York Stock Exchange by Walter W. Coleman— November 21, 1966, March 28, 1967 ................. | 22.05 |

1. These numbers are as listed in Schedule B attached to Mr. Berman's affidavit of December 6, 1968, submitted with a bill of costs.

18. New York Stock Exchange—January 9, 12, 17, 18, 1967 ... 36.05
19. New York Stock Exchange by William G. Carr—
        March 28, 1967 ................................. 8.40
20. New York Stock Exchange by George H. Newman—
        March 31, April 3, 1967 .......................... 20.30
21. New York Stock Exchange by Lloyd E. Waterbury—
        March 31, April 3, 1967 .......................... 20.30
22. New York Stock Exchange by W. Elsworth Jones—
        March 30 and April 3, 1967 ....................... 44.10
23. New York Stock Exchange by Paul R. Felgner—
        April 25 and 26, 1967 ............................ 6.30
24. New York Stock Exchange by Frank J. Coyle—
        April 25 and 26, 1967 ............................ 15.05

## I.

## EXPENSES OF PLAINTIFF'S SWISS WITNESSES

Fritz Graf, an accountant, was a former statutory auditor of Valoren (plaintiff's Swiss subsidiary), working for Burkhardt & Co., performing services under Swiss statutes, from June 1957 to May 31, 1961, four fiscal years. In the portion of Graf's deposition which was read he described the steps in the audit, the time spent, the records inspected, the assets and liabilities referred to, the securities in reference to their market price, the taxes withheld, the bank statements, the account sheets, the reports of Alex Bloechliger, accountant for Valoren, the so-called Borsen Journal and, in effect that his reports and examinations revealed no indication of the alleged speculations of Buchmann, whose conduct led to the losses on which plaintiff sued Lumbermens. (See record, Charge to the Jury, pp. 1049–1050)

Dr. Joseph Rappaport was a Swiss lawyer from Zürich who was consulted by plaintiff in June 1962 and who attended at the time when Buchmann signed his so-called "protokol" or confession. (See record, Charge to the Jury, p. 1050)

In 1966 the defendant moved for the issuance of letters rogatory to take depositions of certain witnesses in Switzerland, including Buchmann, Willy Kohler and Alex Bloechliger, residents of the Confederation of Switzerland. This motion was denied by Judge Weinfeld. See Oscar Gruss & Son v. Lumbermens Mutual Casualty Co., 41 F.R.D. 279 (S.D. N.Y.1966). Judge Weinfeld there noted that the laws of Switzerland do not allow oral depositions of its residents, which depositions may be taken only upon letters rogatory. He also pointed out various reasons why it would have been "devastatingly prejudicial to plaintiff to issue Letters Rogatory to secure the testimony of these hostile witnesses without the opportunity of confrontation and a face-to-face cross-examination." (Id. at 282) Furthermore, Judge Weinfeld stated that the issues in the case might be decided in very substantial measure upon the credibility of the persons concerned in the embezzlement in the Swiss corporate subsidiary of the New York plaintiff, etc.

With this background, plaintiff, nevertheless, was able to secure the voluntary presence of Graf and Rappaport in New York City and to take their depositions here. It may be that these witnesses could have been induced to go to some European country adjacent to Switzerland and there be deposed. However, this would have entailed substantial travel expense on the part of plaintiff, and, incidentally, some expenses upon the part of the defendant.

Both Graf and Rappaport came from Switzerland to New York and their dep-

ositions were taken by plaintiff here, Graf's on February 28 and March 1, 1967; Rappaport's on April 10 and 11, 1967. Both of these witnesses were extensively cross-examined by defendant's counsel. Portions of these depositions were read to the jury at the trial. I believe that the taking of these depositions was reasonable and necessary for the prosecution of plaintiff's case and that the testimony read from such depositions was material and relevant.

With respect to facts, defendant objects to (1) the alleged failure of plaintiff to show that the witnesses traveled by first-class air travel, (2) that plaintiff proceeded in this matter without applying to the court for direction in respect to such depositions, (3) that such expenses are not taxable, (4) that all expenses, including travel, attendance fees and subsistence, must be actual, (5) that the witnesses were not "required" to come to New York by order or otherwise.

█ " * * * [T]axation of a witness' travel expenses as costs is governed by Rule 54(d) of the Federal Rules of Civil Procedure, and thus apparently becomes a matter for the discretion of the trial court. See Farmer v. Arabian-American Oil Co., 379 U.S. 227, 232, 233, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964); Moylan v. A. M. F. Overseas Corporation, 354 F.2d 825, 829 (9th Cir. 1965); Bank of America v. Loew's International Corporation, 163 F.Supp. 924, 929, 930 (S.D.N.Y.1958). * * *" (Isthmian Lines, Inc. etc. v. Tugs James T. Moran and Elizabeth Moran, etc., et al., S.D.N.Y., September 17, 1968, 45 F.R.D. 531.)

In this case, defendant declined to defend the creditors' suits brought against plaintiff for losses for which a jury has now determined defendant to be responsible under the bond. These witnesses were essential and depositions or appearances to testify at the trial were, as Judge Weinfeld indicated, indispensable to plaintiff's action.

█ It is my opinion that under this section these daily fees for attendance and for subsistence need not be actual, though the airplane fare allowed by this section must be the actual fare. It is, I believe, clear that the witness need not be subpoenaed or ordered to attend for the taking of his deposition in order to permit plaintiff to tax the airplane fare at the lowest first-class rate. And here I am allowing only $478.80, the economy rate. The word 'required" in Title 28 U.S.C. § 1821 refers to the necessity of traveling "to and from the Continental United States" and not to the question of whether or not this travel was voluntary since voluntary witnesses are entitled to be paid statutory fees and allowances. See Nuzzo v. Rederi A/S Wallenco, Stockholm, Sweden, 325 F.2d 994 (2nd Cir. 1963). The transportation expenses of witnesses will be taxed as costs even though a witness has not been subpoenaed. Bank of America v. Loew's International Corporation, 163 F.Supp. 924, 929 and cases cited (S.D.N.Y.1958).

Title 28 U.S.C. § 1821 was amended on March 27, 1968 to provide (1) for a witness fee of $20 for each day's attendance and for the time necessarily occupied in going to and returning, and (2) $16 per day for subsistence. However, it is my opinion that plaintiff is not entitled to more than $4 for each day's attendance and for going and returning, plus $8 per day for subsistence, including going and coming, under the statute as it previously existed at the time of Rappaport's and Graf's depositions.

Although plaintiff's counsel in his affidavit of December 20, 1968 states that at the pertinent time the cost of a round trip airline fare, first class, from Zurich to New York, was $792.30, there is no proof that this was the lowest first-class rate available or that this, in fact, was the actual expense. It appears that the lowest economy round trip fare from Zurich to New York was $478.80 and that Rappaport and Graf came by air, although no proof was submitted as to whether they came by first class. Under the circumstances, no allowance greater than $478.80 would be permissible.

■ Under all the circumstances, I find that plaintiff is entitled to tax the following items as to Rappaport and Graf:

### RAPPAPORT

| | |
|---|---|
| Round trip air fare, Zurich to New York ..................................... | $478.80 |
| Subsistence allowance, 3 days at $8 per day ................................... | 24.00 |
| Witness fee [attendance], 3 days at $4 per day ................................... | 12.00 |
| TOTAL.................. | $514.80 |

### GRAF

| | |
|---|---|
| Round trip air fare, Zurich to New York ..................................... | $478.80 |
| Subsistence allowance, 3 days at $8 per day ................................... | 24.00 |
| Witness fee [attendance], 3 days at $4 per day ................................... | 12.00 |
| TOTAL.................. | $514.80 |

———◆———

(see Title 28 U.S.C. § 1821 as amended)

## II.

### DEPOSITION TRANSCRIPTS

**A. TRANSCRIPTS OF COPIES OF DEPOSITIONS OF WITNESSES WALSH, KRIEG and HEIZ.**

As I understand it there is here involved an original and one copy of the deposition of each of the above witnesses, for which plaintiff seeks to tax costs. It also appears that the originals were filed in due time.

The depositions were initially taken at the instance of plaintiff pursuant to an order of Judge McLean, dated March 18, 1968, amplified by instructions of the undersigned at a conference held on October 3, 1968.

The deposition of Walsh was filed in the clerk's office on October 8, 1968. (See letter from Berman to the court, dated January 14, 1969, which letter was not disputed by defendant as to these facts)

The original deposition of Krieg was sent by plaintiff's counsel to defense counsel on October 18, 1968 with the request for prompt signing and return, etc., but has never been returned to plaintiff's counsel. (See letter from Berman to the court, dated January 14, 1969, which letter was not disputed by defendant as to these facts)

The original deposition of Heiz was not furnished by the court reporter until after defendant had rested at trial without presenting any defense witnesses, and, although now available, has not been filed. (See letter from Berman to the court, dated January 14, 1969, which letter was not disputed by defendant as to these facts)

The plaintiff sought to tax both originals and copies.

The trial began on October 16, 1968 and concluded on October 25, 1968.

Defendant contends that the testimony of Walsh, Krieg and Heiz was taken by plaintiff solely for the purposes of discovery and not for trial and that their testimony was not offered or used and that at the trial it became wholly unnecessary to call these witnesses. At the trial defendant did not call any one of

these three witnesses, regardless of the fact that they were enumerated on defendant's last amended list of trial witnesses, dated October 9, 1968, a few days before the trial commenced. Consequently, plaintiff did not actually use these depositions, although they were apparently intended for probable cross-examination by plaintiff's counsel. I believe that this contention of plaintiff is reasonable.

█ I find that under the above circumstances plaintiff should be allowed taxable costs for the above three original transcripts but not for copies.

### B. DEPOSITIONS OF McSHANE, BARKER, BENSON and ROSEN.

Plaintiff took the deposition of Francis X. McShane (item 7 of Schedule B of plaintiff), that of Donald B. Barker (item 9), that of Frederick S. Benson (item 10), and that of Joseph D. Rosen (item 11). The originals were filed. Plaintiff sought to tax both originals and copies of each of those depositions.

### C. DEPOSITIONS OF WITNESSES ZUCKER THROUGH COYLE
(Items 14 through 24 of Schedule B).

These depositions were taken by defendant who filed the originals. Plaintiff bought copies of each and claims to be entitled to tax the copies.

Defendant objects because it is claimed that it paid for the original transcripts and that the original transcripts were available since filed and that the copies were only for the convenience of plaintiff's counsel and unnecessary. Defendant also contends that, by stipulation, each party was to pay the cost of the original transcript of the witnesses deposed by that party and that counsel would pay for copies of the depositions for their own use and that that procedure was followed throughout the deposition proceedings.

If the costs of a particular deposition are taxable, the following expenses have been considered as taxable costs: "the reasonable stenographic expense in taking and transcribing the deposition, but generally the cost of a copy may not be [sic]; the fees and mileage allowances of witnesses; and, in a proper case, an interpreter's fee." 6 Moore's Federal Practice, 2d ed., § 54.77(4), pp. 1361, 1362, and cases cited in Notes 20, 21, 22, 23, p. 1362.

█ "The power to tax certain deposition expenses as costs can probably be better supported as necessarily flowing from the authorization of the Federal Rules to take depositions extensively and to use them in a more limited manner." 6 Moore's Federal Practice, 2d ed., ¶ 54.-77(4), p. 1359, and cases cited in Note 5, p. 1359. However, deposition expenses may not be properly taxed as costs when the depositions serve only "investigative" purposes of preparation. 6 Moore's Federal Practice, 2d ed., § 54.77 (4), p. 1361.

█ When the deposition serves a real value in connection with cross-examination, if not trivial, it is sufficient. 6 Moore's Federal Practice, 2d ed., § 54.-77(4), pp. 1360, 1361, and cases cited in Notes 11 and 12, p. 1361.

█ "The power to tax as costs certain of the expenses of taking depositions is well settled, if the taking of the depositions was reasonably necessary, even though they may not have been used at the trial" (6 Moore's Federal Practice, 2d ed., ¶ 54.77[4], p. 1360, and cases cited in Note 6, p. 1360), all in the sound discretion of the court.

█ Where the original depositions are filed, costs of copies thereof may not be taxed. See Modick v. Carvel Stores of New York, Inc., 209 F.Supp. 361, 364 (S.D.N.Y.1962); Fleischer v. A. A. P. Inc., 36 F.R.D. 31 (S.D.N.Y.1964).

I find:

█ (1) That the depositions taken by plaintiff, to wit, those of Walsh, Krieg, Heiz, McShane, Barker, Benson and Rosen, would have served a reasonable purpose for cross-examination and

that plaintiff is entitled to tax for the originals but not for copies.

■ (2) That since the original transcripts of depositions of witnesses Zucker through Coyle (items 14 through 24 of Schedule B) were taken by and filed by defendant, plaintiff is not entitled to tax copies purchased by plaintiff.

I do not believe that Independent Iron Works Inc. v. United States Steel Corporation, 322 F.2d 656 (9th Cir. 1963), cert. denied, 375 U.S. 922, 84 S.Ct. 267, 11 L.Ed.2d 165 (1963), is applicable here.

DEFENDANT'S OBJECTIONS

The defendant objects to the following item taxed by the clerk:

III.

Transcripts of pretrial hearings, court conferences and trial necessarily obtained for use in this case .....................$2,003.20

The basis of defendant's objection to this item is as follows:

(1) There was no order of the trial judge requiring the furnishing of such transcripts.

(2) The transcripts of the pretrial hearings were unnecessary to the trial of the action and were merely for the convenience of plaintiff's counsel.

(3) The defendant has already paid to the court reporter one-half of the cost of the original transcript which was supplied to the court.

■ Although a transcript of the pretrial proceedings and the trial proceedings above mentioned was undoubtedly helpful to plaintiff's counsel and, in fact, to the court, a reading of Farmer v. Arabian American Oil Co., 379 U.S. 227, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964) indicates that helpfulness alone is not sufficient. There must be a more compelling necessity based on the protracted and complicated nature of the case. In this case no testimony was submitted by defendant (which rested after plaintiff's case); the only testimony involved at trial was that of plaintiff's witness. See also Farmer v. Arabian American Oil Co., 31 F.R.D. 191 (S.D.N.Y.1962). I believe there was no necessity of plaintiff's ordering the transcript of either pretrial proceedings or of the trial. Ordinarily, transcripts of pretrial proceedings are

not taxable. See Delaware Valley Marine Supply Co. v. American Tobacco Co., 199 F.Supp. 560 (E.D.Pa.1960). Cf. Freedman v. Philadelphia Terminals Auction Company, 301 F.2d 830 (3rd Cir. 1962).

Under the circumstances, I am compelled to sustain defendant's objection to this item.

IV.

FEES FOR CERTIFICATION AND PHOTO COPIES OF PAPERS NECESSARILY OBTAINED FOR USE IN THIS CASE.....$1,160.51

Defendant objects to allowance for these certifications and photo copies (1) upon the ground that costs for such items may be taxed only when the copies are offered in evidence at the trial; (2) that the fair and reasonable cost of certification has not been demonstrated and that photo copies of exhibits offered do not exceed the sum of $75; (3) that the original records were available; (4) that Rule 44(a) (2) of the Federal Rules of Civil Procedure refers only to official records and that those were not official records.

Title 28 U.S.C. § 1920 provides that "[F]ees for exemplification of copies of papers necessarily obtained for use in the case" may be taxed as costs.

The court, by letter of January 10, 1969, requested plaintiff's counsel for an itemization of the papers for which fees for certification were claimed. The only reply to this was an affidavit from the chief bookkeeper for plaintiff's attorney, dated January 14, 1969. Attached to this affidavit were (1) an adding machine tape with various amounts totaling $1,130.31; (2) certain invoices from National Reproductions, Inc. with no itemization of what papers were copied; (3) certain invoices from Xerox, one of which referred to "Proposed Amendment to Complaint," with no cost price stated; a second, which referred to two copies of "Answer," with no price fixed; and a third invoice, which appears to refer to "Various," if I read it correctly, again with no price.

Based on these facts, I am forced to conclude that plaintiff has not demonstrated sufficient proof to sustain taxation of fees for certification and photo copies of papers necessarily obtained for use in this case ($1,160.51) except that the fees for "Kollokationplan" may be taxed if proof of the amount is submitted to the clerk.

## SUMMARY

Accordingly, I make the following determinations concerning these disputed items of cost:

(1) Plaintiff is entitled to tax the following items as to the attendance, subsistence and travel of Rappaport and Graf:

RAPPAPORT

Round trip air fare, Zurich to New York ................$478.80

Subsistence allowance, 3 days at $8 per day ............. 24.00

Witness fee (attendance), 3 days at $4 per day ............ 12.00

TOTAL ...............$514.80

GRAF

Round trip air fare, Zurich to New York .................$478.80

Subsistence allowance, 3 days at $8 per day ................ 24.00

Witness fee (attendance), 3 days at $4 per day ............ 12.00

TOTAL ...............$514.80

(2) Plaintiff is allowed taxable costs for the original transcript costs on the depositions of witnesses Walsh, Krieg and Heiz, but is not allowed taxable costs for any copies of these depositions.

(3) Plaintiff is allowed taxable costs for the original transcript costs on the depositions of witnesses McShane, Barker, Benson and Rosen, but is not allowed taxable costs for any copies of these depositions.

(4) Plaintiff is not allowed taxable costs for any copies of the deposition transcripts taken by the defendant of witnesses Zucker through Coyle (items 14 through 24 of Schedule B).

(5) Plaintiff is not allowed taxable costs for any transcripts of pretrial hearings, court conferences or trial.

(6) Plaintiff is not allowed taxable costs for certification and photo copies of papers obtained for use in this case ($1,160.51). However, plaintiff is allowed taxable costs for certification and photocopying of the "Kollokationplan."

So ordered.