Allen CARLSON, Plaintiff,

v.

Ransford B. PALMER, Defendant.

Civ. A. No. 78–218.

United States District Court,
D. Delaware.

June 15, 1979.

Richard L. Sutton, and Walter C. Tuthill, of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for plaintiff; E. Michael Keating, of Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., of counsel.

Richard W. Pell, of Tybout & Redfearn, Wilmington, Del., for defendant.

## MEMORANDUM

STEEL, Senior District Judge:

Presently before the Court is the defendant's motion to have the Clerk's disallowance of costs reviewed pursuant to Rule 54 Fed.R.Civ.P. (Doc. No. 39).[1] On May 4, 1979, the Clerk of the District Court for the District of Delaware denied defendant's request to tax as costs the fees of five expert witnesses on the ground that expert witness fees are not taxable in excess of the amounts allowable for ordinary witnesses pursuant to 28 U.S.C. § 1821 (1976). (Doc. No. 38).[2]

Defendant prevailed in a jury trial which ran from March 26 to March 28, 1979. As the prevailing party, defendant is entitled to certain costs pursuant to Rule 54(d) Fed. R.Civ.P. and 28 U.S.C. §§ 1821, 1925 (1976). Defendant seeks to charge as costs against the plaintiff the fees of two medical expert witnesses, two ship captains, and one economist, who testified at trial. Specifically, defendant requests $400 for the court appearance of Dr. Haynes B. Cates; $400 for the appearance of Dr. Allen Fink; $242.36 for the appearance of Captain Elmer L. Thomas; $150 for the appearance of Captain Frank Badur; and $886.08 for the appearance of Robert F. Minnehan, Ph.D. (Doc. No. 36).

This action, which involved a claim of maritime tort, invoked both the admiralty and diversity jurisdiction of this court. (Doc. No. 1). In non-maritime actions brought solely on the basis of diversity jurisdiction, this Court, in its discretion, has elected to follow the state rule embodied in 10 Del.C. § 8906 (1975) which provides that expert witness fees are taxable as costs.[3]

1. Rule 54(d) Fed.R.Civ.P. provides as follows:

Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; . . . Costs may be taxed by the clerk on one day's notice. On motion served within five days thereafter, the action of the clerk may be reviewed by the court.

2. 28 U.S.C. § 1821 provides as follows:

(a)(1) Except as otherwise provided by law, a witness in attendance at any court of the United States, or before a United States Magistrate, or before any person authorized to take his deposition pursuant to any rule or order of a court of the United States, shall be paid the fees and allowances provided by this section.

(2) As used in this section, the term 'court of the United States' includes, in addition to the courts listed in section 451 of this title, any court created by Act of Congress in a territory which is invested with any jurisdiction of a district court of the United States.

(b) A witness shall be paid an attendance fee of $30 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

(c)(1) A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance. Such a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished.

(2) A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.

3. 10 Del.C. § 8906 provides as follows:

The fees for witnesses testifying as experts or in the capacity of professional men in cases in the Superior Court, and the Court of Chancery, within this State, shall be fixed by the court in its discretion, and such fees so

*See Townsend v. Wise,* 450 F.Supp. 1162 (D.Del.1979); *Chemical Bank v. Kimmel,* 68 F.R.D. 679 (D.Del.1975); *Henlopen Hotel Corp. v. Aetna Ins. Co.,* 38 F.R.D. 155 (D.Del.1965).

Title 28 U.S.C. § 1925 (1976) governs the allocation of costs in maritime and admiralty proceedings. Enacted in 1948, 28 U.S.C. § 1925 provides:

> Except as otherwise provided by Act of Congress, the allowance and taxation of costs in admiralty and maritime cases shall be prescribed by rules promulgated by the Supreme Court.

■ Thus, in admiralty and maritime proceedings, costs are allowed according to rules promulgated by the Supreme Court if Congress has not acted. *See Firemen's Fund Ins. Co. v. Standard Oil of Cal.,* 339 F.2d 148 (9th Cir. 1964). Although the Supreme Court has not exercised its power to promulgate rules concerning the allocation of costs in admiralty cases, Congress, however, has enacted a comprehensive statute that governs the payment of witness fees for "a witness in attendance at *any* court of the United States." 18 U.S.C. § 1821 (emphasis added). Accordingly, the provisions of Section 1821, which have been construed to prevent taxation of expert witness fees as costs, *See Gerber v. Stoltenberg,* 394 F.2d 179 (5th Cir. 1968); *Kaiser Industries Corp. v. McLouth Steel Corp.,* 50 F.R.D. 5, 13 (D.C.Mich.1970); 6 Moore's Federal Practice, § 54.77[5–3] at p. 1734, apply to admiralty cases by virtue of the "except as otherwise provided by Act of Congress" clause in Section 1925. As was stated in *Katz v. Cie Generale Transatlantique,* 190 F.Supp. 435, 437 (E.D.Va.1960), "[s]ection 1821 is made expressly applicable to witnesses attending *in any court* of the United States, and is not affected by 28 U.S.C.A. § 1925 as the costs are 'otherwise provided by Act of Congress.' " In short, Section 1821 controls

the assessment of expert witness fees in both civil and admiralty cases and is not subject to alteration by the Supreme Court even if one had been attempted.[4]

The only question presently facing the Court is whether state or federal law governing the payment of expert witness fees applies to a maritime tort action based on diversity and admiralty jurisdiction.

■ It is well established that maritime torts, whether instituted pursuant to diversity or admiralty jurisdiction, are measured by the standards of federal admiralty law. *See Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 79 S.Ct. 406, 3 L.Ed.2d 550 (1958); *Branch v. Schumann,* 445 F.2d 175, 178 (5th Cir. 1971); *Capozziello v. Brasileiro,* 443 F.2d 1155 (2d Cir. 1971). It is also fundamental that admiralty law is to be uniform throughout the United States. Accordingly, a federal court sitting in admiralty may apply state law that "does not contravene any acts of Congress, nor work any prejudice to the characteristic features of the maritime law, nor interfere with its proper harmony and uniformity in its international and interstate relations." *Just v. Chambers,* 312 U.S. 383, 389, 61 S.Ct. 687, 692, 85 L.Ed. 903 (1940); *Pope & Talbot, Inc. v. Hawn,* 346 U.S. 406, 410, 73 S.Ct. 1129, 97 L.Ed. 1398 (1953); *St. Hilaire Moye v. Henderson,* 496 F.2d 973, 980–81 (8th Cir.), *cert. denied,* 419 U.S. 884, 95 S.Ct. 151, 42 L.Ed.2d 125 (1974).

■ Application of the Delaware statute governing expert witness fees in the instant case would directly contravene the federal statute governing taxation of witness fees as costs in maritime tort cases. By enacting 28 U.S.C. § 1925, Congress indicated its intention to apply the provisions of Section 1821, among other federal statutes, to admiralty and maritime cases. Therefore, the

---

fixed shall be taxed as part of the costs in each case and shall be collected and paid as other witness fees are now collected and paid.

**4.** *See also Isthmian Lines, Inc. v. Moran,* 45 F.R.D. 531 (S.D.N.Y.1968) (while failing to cite any statutory grounds for its decision, the dis-

trict court refused to tax as costs the fees of expert witnesses in an admiralty case); *The Wahkeena,* 51 F.2d 106 (W.D.Wash.1931) (the court refused to follow state law which allowed the taxation of expert witness fees as costs, reasoning that "[i]n admiralty causes, the Conformity Act does not apply.").

provisions of Section 1821 constitute an element of federal maritime law and establish specific standards governing the taxation as costs of expert witness fees. Because the Delaware statute directly contravenes Section 1821, as construed to prevent expert witness fees from being taxed as costs, the provisions of the Delaware statute may not be applied in an admiralty court.[5] Accordingly, defendant's motion to recover the costs of expert witness fees will be denied.

---

**5.** *Cf. Kalmbach, Inc. v. Ins. Co. of State of Pa., Inc.*, 422 F.Supp. 44, *reversed on other grounds*, 529 F.2d 552 (9th Cir. 1976) (in a case brought pursuant to both admiralty and diversity jurisdiction, the court refused to apply the state statute governing the award of attorneys' fees, reasoning that the fact that diversity jurisdiction was invoked did not alter the federal rule prohibiting the recovery of attorneys' fees in admiralty cases); *American Union Transport Co. v. Aquadilla Terminal Inc.*, 302 F.2d 394, 396 (1st Cir. 1962) (holding that Puerto Rican law awarding counsel fees to the prevailing party was inapplicable in admiralty suits, reasoning that "in admiralty there is no specific authority in the statute, Title 28 U.S.C. §§ 1923, 1925 . . . for awarding counsel fees.").